IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ANALOG DEVICES, INC., | ) ) ) | |
| *Plaintiff/Counterclaim Defendant,* | ) ) ) ) ) | C.A. No. 06-346-GMS |
| vs. | ) ) ) | |
| LINEAR TECHNOLOGY CORP., | ) ) ) | |
| *Defendant/Counterclaim Plaintiff.* | ) ) ) | |

## JOINT STATUS REPORT

Plaintiff and Counterclaim-Defendant Analog Devices, Inc. ("Analog") and Defendant and Counterclaim-Plaintiff Linear Technology Corp. ("LTC") submit this Joint Status Report in preparation for the Status and Scheduling Conference before the Court set for Thursday, September 21, 2006 at 10:45 a.m., pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2(b).

1. **Jurisdiction and Service.** The parties agree that the Court has personal jurisdiction over both Analog and LTC.

In addition, the parties agree that the Court has jurisdiction over the subject matter of this action as defined by the pleadings thus far filed in the case, except that, with respect to Analog's Complaint for Declaratory Judgment of noninfringement and invalidity of LTC's U.S. Patent No. 6,208,279, LTC asserts that there was at the time of the Complaint and First Amended Complaint, and there is now, no actual case or controversy with respect to that patent. Analog disagrees, but has told LTC that it would dismiss its declaratory judgment claim regarding U.S. Patent No. 6,208,279 if LTC states, in writing, that it has no intention of accusing any current

Analog product of infringing that patent. LTC is considering this proposal. See the discussion in Section 3, below.

As of the date of this Joint Status Report, all pleadings have not yet been served. Analog's reply to LTC's First Amended Counterclaims is not due until September 18, 2006. Accordingly, LTC reserves the right to contest jurisdiction with respect to causes of actions and/or averments made by Analog in that pleading.

Also as of the date of this Joint Status Report, Analog and LTC believe that all necessary parties have been served and have appeared. Both Analog and LTC, however, reserve their rights to join additional parties within the schedule set by the Court.

2. **Substance of the Action.** Analog filed this action for patent infringement and declaratory judgment of patent non-infringement and invalidity. Analog claims that LTC is infringing three of its patents and seeks a declaratory judgment of non-infringement and invalidity for eight of LTC's patents. LTC claims that Analog is infringing eight of its patents (seven of them are those for which Analog is seeking a declaratory judgment), and asserts that there is no case or controversy concerning one of the LTC patents as to which Analog seeks declaratory judgment.

In particular, Analog asserts in its First Amended Complaint (D.I. 6) that LTC has infringed and induced the infringement of Analog's U.S. Patents Nos. 4,929,909, 6,118,326, and 6,262,633. Analog's patents generally relate to electronic circuits that create gain compensated differential amplifiers, bootstrapped CMOS switch drives, and operational output stages. Analog also seeks a declaratory judgment that it does not infringe LTC's U.S. Patents Nos. 5,481,178, 5,731,694, 5,994,885, 6,304,066, 6,580,258, 6,144,194, 6,100,678, and 6,208,279, and that such patents are invalid. (U.S. Patents Nos. 5,481,178, 5,731,694, 5,994,885, 6,304,066, and

6,580,258 are all from the same patent family and have identical specifications.) LTC's patents generally relate to electronic transistor circuitry.

In response to the First Amended Complaint, LTC filed a First Amended Answer and Counterclaims (D.I. 14). LTC denied that it has infringed any of Analog's asserted patents, and denied subject matter jurisdiction with respect to Analog's declaratory judgment action against LTC's patents. Also in its First Amended Answer And Counterclaims, LTC asserted that: (A) Analog has infringed seven of the eight LTC patents identified in Analog's Declaratory Judgment action – U.S. Patents 5,481,178, 5,731,694, 5,994,885, 6,304,066, 6,580,258, 6,100,678, and 6,144,194; (B) Analog has infringed a ninth LTC patent (U.S. Patent No. 5,212,618), and (C) LTC is without knowledge or information sufficient to form a belief as to Analog's averment of noninfringement of the eighth LTC patent identified in Analog's Declaratory Judgment Action (U.S. Patent No. 6,208,279).

Analog's reply to LTC's First Amended Counterclaims is currently due on September 18, 2006. Analog has informed LTC that it expects to deny infringement and inducing infringement of LTC's patents and affirmatively assert that such patents are invalid. Analog also expects to assert various equitable defenses, including estoppel, waiver, laches, acquiescence, and prosecution laches.

### 3. Identification of Issues.

#### A. Declaratory Judgment Jurisdiction Issue

**LTC's Position.** LTC believes a threshold issue in this case is whether this Court has subject matter jurisdiction over Analog's declaratory judgment action with respect to LTC's U.S. Patent No. 6,208,279. LTC believes the Court lacks such subject matter jurisdiction because there is no justiciable case or controversy with respect to this patent.

**Analog's Position.** Analog disagrees. Analog has informed LTC that it will dismiss its declaratory judgment claim with respect to U.S. Patent No. 6,208,279 if LTC confirms, in writing, that it has no intention of accusing any current Analog product of infringement with respect to that patent. LTC is considering Analog's proposal.

### B. Disqualification Issue

**LTC's Position.** LTC believes that another threshold issue in this case is whether Analog's counsel, Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), should be disqualified from representing Analog in this action due to an ethical conflict. On August 17, 2006, WilmerHale notified counsel for LTC that WilmerHale employs Matthew Byrne as a junior partner in its New York office. Mr. Byrne was previously employed by Fish & Neave (now Ropes & Gray LLP) and in that capacity represented LTC in connection with prosecuting the application for LTC's U.S. Patent No. 6,100,678 that Analog now asserts is invalid and not infringed. WilmerHale has informed counsel for LTC that it has erected an ethical wall around Mr. Byrne. LTC believes, however, that such a wall does not solve the conflict created by Mr. Byrne's employment. On September 13, 2006, after researching the issue, counsel for LTC wrote to WilmerHale that under the law applied by the District of Delaware – including Rules 1.9(a) and 1.10(a) of the Model Rules of Professional Conduct, D. Del. L.R. 83.6(d)(2), and applicable case law identified in LTC's letter – LTC's former attorney Mr. Byrne and, consequently, WilmerHale are prohibited from representing Analog in this case and an ethical wall cannot solve the problem. Counsel for LTC offered in its letter to discuss this issue with WilmerHale in an attempt to find a satisfactory resolution. If the parties are unable to resolve the issue, LTC may bring a motion to disqualify. Any such motion will be brought within thirty (30) days following the filing of this Joint Status Report.

4

**Analog's Position.** Analog does not believe that Mr. Byrne's prosecution of U.S. Patent No. 6,100,678 – one of the twelve (12) patents-in-suit – requires WilmerHale's disqualification (either as to that patent or for the entire action). (Indeed, Mark Rowland, one of LTC's trial attorneys in this matter, prosecuted several of the LTC patents-in-suit.) WilmerHale has been Analog's preferred patent litigation counsel for at least 15 years. As Analog has informed LTC, Mr. Byrne joined WilmerHale in 2003 – three years ago and three years after the '678 patent was granted – in its New York office. Mr. Byrne has had no involvement whatsoever in this matter, and the ethical wall surrounding Mr. Byrne, erected long ago, has never been breached and is sufficient to screen him entirely. All of the WilmerHale attorneys representing Analog in this matter – of the more than 1,000 at the firm worldwide – are in Boston or Washington, D.C. (Mr. Byrne is in WilmerHale's New York office). None of these attorneys have spoken to Mr. Byrne substantively about this case. During the conference on September 14, 2006 to discuss this Joint Status Report, counsel for LTC stated, in response to a question from WilmerHale, that LTC had no factual information to suggest that the ethical wall WilmerHale had erected around Mr. Byrne had been breached. Although after this action started Analog sent LTC a letter concerning Mr. Byrne on August 17, 2006, LTC did not register any objection to WilmerHale's representation of Analog until nearly a month later, three days ago (on September 13, 2006), when LTC sent a letter and included language in this Joint Status Report. Since Analog just learned of LTC's objection, it is considering an appropriate response, but will contest any motion to disqualify WilmerHale as a result of Mr. Byrne's employment at the firm.

### C.     Other Issues

The agreed-upon issues in dispute with respect to the Analog patents are: whether LTC has infringed or induced the infringement of the Analog patents, whether LTC's infringement of

5

the Analog patents was willful, and whether Analog patents are valid. Subject to resolution of the jurisdictional issue regarding U.S. Patent No. 6,208,279, the issues in dispute with respect to the LTC patents are: whether Analog has infringed or induced the infringement of the LTC patents, whether Analog's infringement of the LTC patents was willful, and whether the LTC patents are valid. If U.S. Patent No. 6,208,279 remains a part of this case, the issues in dispute are: whether Analog has infringed that patent and whether that patent is valid. As to all the patents-in-suit, there are issues in dispute concerning damages.

**4.     Narrowing of Issues.** As noted above, the parties are discussing terms upon which Analog may drop LTC's U.S. Patent No. 6,208,279 from this action. If the parties are unable to resolve this issue, LTC expects to bring a motion to dismiss that part of Analog's Declaratory Judgment action concerning U.S. Patent No. 6,208,279 for lack of declaratory judgment jurisdiction.

The parties do not know of any other issues that can be narrowed at this time. As the action progresses, and in particular after the Court has issued a claim construction ruling concerning the meaning of disputed claim terms, the parties may request leave to file one or more motions for summary judgment that may reduce the number of issues to be decided at trial.

**5.     Relief.** As currently framed by the pleadings filed to date (keeping mind that Analog's reply to LTC's First Amended Counterclaims is not due until September 18, 2006, after this Joint Status Report has been filed), each party seeks damages in an amount adequate to compensate it for the other's infringement of its patents, but in no event less than a reasonable royalty, treble damages, interest on any damages awarded, costs pursuant to 35 U.S.C. § 284, reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and an injunction against continued infringement. Analog also seeks a declaration that it does not infringe the LTC patents and the

'279 patent and that such patents are invalid. Finally, Analog seeks LTC's counterclaims to be dismissed with prejudice.

6. **Amendment of Pleadings.** Both parties already filed amendments to their initial pleadings as of right. Although neither party believes, at the present time, that they will need to further amend their pleadings, they reserve the right to do so within the time period set forth in the schedule entered by the Court.

7. **Joinder of Parties.** The parties are not aware of any additional parties that should be joined in this action at this time. The parties, however, reserve the right to move to join parties if appropriate within the time period set forth in the schedule entered by the Court.

8. **Discovery.**

**Scheduling Of Litigation Events.** The parties agree on the timing of deadlines and events in the action and a proposed schedule is attached hereto as Schedule A. As described in Section 9 of this Joint Status Report, however, the parties disagree at the present time about the necessity of having two separate trials, one on each party's patents. At present, the parties believe that each will require discovery on at least the following issues:

- A. the development and operation of the accused products;

- B. documents, testimony, and expert opinion materials regarding damages and damages amounts;

- C. the factual basis for each party's claims, affirmative defenses, and counterclaims, including any opinion of counsel that upon which any party intends to rely;

- D. the conception, design, development, and reduction to practice each of the patents-in-suit;

- E. potential prior art of each of the patents-in-suit;

- F. prosecution of each of the patents-in-suit; and

- G. expert and third party discovery on the many of above-listed items.

7

**Limitations On Discovery.** Analog and LTC propose that the parties adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure, except as set forth below or as further ordered by the Court, including:

(a) **Interrogatories.** The parties agree that each party may propound, in total, no more than 150 interrogatories to any other party (including subparts), with no one interrogatory directed to more than one patent-in-suit.

(b) **Requests For Admission.** The parties agree that each party may propound, in total, no more than 35 requests for admission (including subparts), except that this limitation shall not apply to requests for admission that are directed to the authenticity of documents or admissibility into evidence of documents.

(c) **Close Of Discovery Timing.** The parties agree that all written requests for discovery, including for example interrogatories or requests for admission, must be served so that the 30-day response time occurs before the end of fact discovery.

(d) **Fact Depositions.** At this stage of the case, the parties agree that the limitations of depositions contained in Fed. R. Civ. P. 30(a)(2)(A) should be modified as follows: each side shall be permitted to take a maximum of 150 hours of depositions of fact witnesses, including 30(b)(6) depositions. Unless otherwise agreed to by the parties, the deposition of an individual non-30(b)(6) witness is limited to one day of seven (7) hours of actual examination, and no deposition of any witness shall exceed seven (7) hours of examination in a single day; *provided*, however, that: (A) a deposition of an individual inventor shall not exceed fourteen (14) hours over two days; and (B) there shall be no specific hour limit with respect to depositions conducted pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and such depositions may proceed for as many hours as reasonably necessary.

The parties may seek leave of the Court to increase the number of depositions available to one or both of the parties or to seek additional time with particular witnesses. The parties and their counsel agree to cooperate in the scheduling, conduct, and location of all depositions.

(e) **Expert Depositions.** In view of the possibility of narrowing of issues, the parties agree to confer on the time limitations for expert depositions prior to the commencement of the period for expert depositions as set by the Court. In the unlikely event that the parties cannot reach agreement, they may present this issue to the Court.

9. **Estimated Trial Length.** Analog proposes two separate trials, one for the three Analog patents, and the other for the eight LTC patents (five of which are from the same patent family and have identical specifications) and U.S. Patent No. 6,208,279. Analog estimates that each trial will require ten days.

LTC believes it is premature at this time to consider how this case should be tried, particularly in view of the number of patents-in-suit and the possibility that the issues with respect to one or more of these patents may be narrowed. LTC proposes, accordingly, that a decision as to how this case should be tried – including whether any patents or other issues should be bifurcated for separate trial – should await resolution of dispositive motions. At that time, the parties should confer as to whether any patents or other issues still in this case should be bifurcated from other patents or issues, and should approach the Court if any bifurcation appears necessary or desirable. As currently framed by the pleadings, assuming all patents remain in suit, LTC estimates that trial of this action should take twenty (20) full trial days.

10. **Jury Trial.** Both parties have demanded a jury trial on all issues that are triable to a jury.

**11. Settlement.** During the teleconference conducted in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties raised the issue of settlement and the parties agreed to participate in discussions leading to a reasonable resolution of the case. The parties have not otherwise engaged in any settlement discussions regarding the patents-in-suit, although LTC previously asserted U.S. Patent No. 5,481,178 against Analog and then dismissed those claims without prejudice several years ago. If the case cannot be settled now, the parties believe that settlement may become more likely after some discovery has taken place, and/or the Court decides *Markman* claim construction issues, such that the parties' respective positions have become better defined. Accordingly, the parties request the Court to refer this case to Magistrate Judge Thynge at this time to discuss scheduling a mediation conference following the Court's *Markman* decision.

**12. Other Matters.** The parties agree that a Protective Order will be required. The parties will employ their best efforts to reach agreement on the terms of such a Protective Order by October 16, 2006. Otherwise, the parties agree that the Protective Order described in Local Rule 26.2 shall govern this action. The parties have agreed to discuss electronic discovery procedures at a mutually convenient time, but in no event later than November 1, 2006.

**13. Confirmation of Rule 26(f) Teleconference.** Counsel for Analog and LTC confirm that they have conferred regarding each of the topics listed above.

RLF1-3059179-1

Should the Court have any questions regarding the information set forth in this Joint Status Report, counsel for both parties are prepared to provide such additional information as may be needed to address the Court's concerns.

/s/Kelly E. Farnan
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Plaintiff/Counterclaim Defendant*
*Analog Devices, Inc.*

OF COUNSEL:

Wayne L. Stoner
Wayne M. Kennard
Donald R. Steinberg
Benjamin M. Stern
Amy L. Nash
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Heath A. Brooks
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D. C. 20006
(202) 663-6000

Dated: September 15, 2006

/s/Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
Morris, Nichols, Arsht & Tunnell, LLP
1201 Market Street
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Defendant/Counterclaim Plaintiff*
*Linear Technology Corp.*

OF COUNSEL:

Mark D. Rowland
Deborah E. Tolomeo
Ropes & Gray LLP
525 University Avenue, Suite 300
Palo Alto, CA 94301
(650) 617-4000

Robert C. Morgan
Laurence S. Rogers
A. Peter Adler
Alexander Shvarts
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Dated: September 15, 2006

11

## SCHEDULE A

## JOINT PROPOSED CASE SCHEDULE

| Event | Date |
|---|---|
| Initial disclosures (per Fed. R. Civ. P. 26) | October 16, 2006 |
| Parties to file all motions to join other parties or amend pleadings | April 2, 2007 |
| Parties exchange lists of claim terms they believe are in dispute, together with their proposed constructions of those terms and all intrinsic support for such constructions and exchange designations of items to be included in the joint appendix containing relevant prosecution history | April 2, 2007 |
| Meet and confer to narrow disputes re claim terms and confer on contents of the joint appendix | April 16, 2007 |
| Parties to file with Court statement of (a) agreed-upon claim constructions, and (b) each party's proposed constructions for claim limitations in dispute | April 30, 2007 |
| Opening claim construction briefs of both parties | June 1, 2007 |
| Responsive claim construction briefs | June 29, 2007 |
| Proposed *Markman* hearing | July 20, 2007 |
| Notice of reliance on advice of counsel as a defense to willful infringement, production of opinion(s) of counsel | August 15, 2007 |
| Fact discovery cutoff – all discovery requests must be served so as to be completed by this date | October 1, 2007 |
| Opening expert reports on issues for which a party bears the burden of proof | October 23, 2007 |
| Letters to Court identifying potential summary judgment motions | November 2, 2007 |
| Responsive expert reports | November 21, 2007 |
| Last day for expert depositions | December 21, 2007 |
| Last day to file dispositive motions (if permitted by Court) | January 15, 2008 |
| Last day to file oppositions on dispositive motions | February 15, 2008 |
| Last day to file reply briefs on dispositive motions | February 28, 2008 |
| Last day to file motions *in limine* | March 14, 2008 |
| Last day to file oppositions on motions *in limine* | March 28, 2008 |
| Last day to file reply briefs on motions *in limine* | April 4, 2008 |

RLF1-3059179-1

| Event | Date |
|---|---|
| Pretrial Order | April 28, 2008 |
| Proposed Pretrial Conference | May 2008 (Date TBD) |
| Proposed trial date | Beginning June 30, 2008<br><br>Analog believes two separate trials (one for the Analog's patents and one for the LTC's patents) are appropriate. LTC believes this issue should be deferred until after dispositive motions are decided when issues may be narrowed. |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., <br><br> *Plaintiff/Counterclaim Defendant*, <br><br> vs. <br><br> LINEAR TECHNOLOGY CORP., <br><br> *Defendant/Counterclaim Plaintiff*. | C.A. No. 06-346-GMS |

## PROPOSED SCHEDULING ORDER

This _____ day of _____ 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before October 16, 2006.

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before April 2, 2007.

3. **Reliance Upon Advice of Counsel**. Each party shall inform the other party whether it intends to rely upon advice of counsel as a defense to willful infringement no later than August 15, 2007. If a party elects to rely on advice of counsel as a defense to willful

RLF1-3058948-1

infringement, that party shall produce any such opinions on which it intends to rely to plaintiff no later than August 15, 2007.

4. ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on _____. The *Markman* hearing is scheduled for a total of ____ hours with each side having ____ hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before April 30, 2007, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on June 1, 2007, and the answering claim construction briefs on June 29, 2007.

5. **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before October 1, 2007. Expert Discovery in this case shall be initiated so that it will be completed on or before December 21, 2007.

    a. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

  b. <u>Discovery Limits.</u> The following limitations on discovery will apply in this action:

  i. **Interrogatories.** The parties agree that each party may propound, in total, no more than 150 interrogatories to any other party (including subparts) with no one interrogatory directed to more than one patent-in-suit.

  ii. **Requests For Admission.** The parties agree that each party may propound, in total, no more than 35 requests for admission (including subparts), except that this limitation shall not apply to requests for admission that are directed to the authenticity of documents or admissibility into evidence of documents.

  iii. **Close Of Discovery Timing.** The parties agree that all written requests for discovery, including for example interrogatories or requests for admission, must be served so that the 30-day response time occurs before the end of fact discovery.

  iv. **Fact Depositions.** At this stage of the case, the parties agree that the limitations of depositions contained in Fed. R. Civ. P. 30(a)(2)(A) should be modified as follows: each side shall be permitted to take a maximum of 150 hours of depositions of fact witnesses, including 30(b)(6) depositions. Unless otherwise agreed to by the parties, the deposition of an individual non-30(b)(6) witness is limited to one day of seven (7) hours of actual examination, and no deposition of any witness shall exceed seven (7) hours of examination in a single day; *provided*, however, that: (A) a deposition of an individual inventor shall not exceed fourteen (14) hours over two days; and (B) there shall be no specific hour limit with respect to depositions conducted pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and such depositions may proceed for as many hours as reasonably necessary.

The parties may seek leave of the Court to increase the number of depositions available to one or both of the parties or to seek additional time with particular witnesses. The parties and their counsel agree to cooperate in the scheduling, conduct, and location of all depositions.

v. **Expert Depositions.** In view of the possibility of narrowing of issues, the parties agree to confer on the time limitations for expert depositions prior to the commencement of the period for expert depositions as set by the Court. In the unlikely event that the parties cannot reach agreement, they may present this issue to the Court.

6. **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8. **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than

November 2, 2007. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than November 16, 2007. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before November 26, 2007. The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted on _____ at _____ . **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.   **Case Dispositive Motions**.  Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before January 15, 2008. Parties must submit an original and two (2) copies. Answering briefs shall be filed on or before February 15, 2008. Reply briefs shall be filed on or before February 28, 2008.

10.   **Applications by Motion**.  Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.   **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12.   **Status/Daubert Conference**.  On or before _____, the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on _____ to discuss Daubert issues identified in the joint agenda.

13.     **Pretrial Conference**. On _____, the Court will hold a Pretrial Conference in Chambers with counsel beginning at _____ a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions *in limine*. Briefs (**opening, answering and reply**) on all motions *in limine* shall be filed by April 4, 2008. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____.

14.     **Trial**. This matter is scheduled for a _____ day _____ trial beginning at _____ a.m. on _____.

15.     **Scheduling**. The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE