UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ANALOG DEVICES, INC.,  )
　　　　　　　　　　　　)
　　Plaintiff/Counterclaim )
　　Defendant,  )
　　　　　　　　　　　　)　　Civil Action No. 1:06-346-GMS
vs.  )
　　　　　　　　　　　　)　　**JURY TRIAL DEMANDED**
LINEAR TECHNOLOGY CORP.,  )
　　　　　　　　　　　　)
　　Defendant/Counterclaim )
　　Plaintiff.  )
　　　　　　　　　　　　)

## REPLY TO FIRST AMENDED COUNTERCLAIMS

Pursuant Rules 8, 12, and 15 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Analog Devices, Inc. ("Analog") hereby answers the numbered paragraphs of the First Amended Counterclaims (the "Counterclaims") of Defendant and Counterclaim-Plaintiff Linear Technology Corp. ("LTC") as follows:

### THE PARTIES

74. Upon information and belief, Analog admits the allegations contained in paragraph 74 of the Counterclaims.

75. Analog admits the allegations contained in paragraph 75 of the Counterclaims.

### JURISDICTION AND VENUE

76. No answer is required to the allegations contained in paragraph 76 of the Counterclaims, which merely purport to state conclusions of law.

77.    Analog admits that it invoked the jurisdiction of the Court by the filing of its Complaint and First Amended Complaint. No answer is required to the remaining allegations contained in paragraph 77 of the Counterclaims, which merely purport to state conclusions of law.

## FACTS

78.    Analog admits that U.S. Patent No. 5,481,178 (the "'178 patent") is entitled "Control Circuit And Method For Maintaining High Efficiency Over Broad Current Ranges In A Switching Regulator Circuit," that the patent states on its face that it was issued on January 2, 1996, and that a copy of the patent was attached to the Counterclaims as Exhibit A. No answer is required to the remaining allegations contained in paragraph 78 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the remaining allegations contained in paragraph 78 of the Counterclaims.

79.    Analog admits that U.S. Patent No. 5,731,694 (the "'694 patent") is entitled "Control Circuit And Method For Maintaining High Efficiency Over Broad Current Ranges In A Switching Regulator Circuit," that the patent states on its face that it was issued on March 24, 1998, and that a copy of the patent was attached to the Counterclaims as Exhibit B. No answer is required to the remaining allegations contained in paragraph 79 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the remaining allegations contained in paragraph 79 of the Counterclaims.

80.    Analog admits that U.S. Patent No. 5,994,885 (the "'885 patent") is entitled "Control Circuit And Method For Maintaining High Efficiency Over Broad Current Ranges In A Switching Regulator Circuit," that the patent states on its face that it was issued on November

30, 1999, and that a copy of the patent was attached to the Counterclaims as Exhibit C. No answer is required to the remaining allegations contained in paragraph 80 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the remaining allegations contained in paragraph 80 of the Counterclaims.

81.     Analog admits that U.S. Patent No. 6,304,066 (the "'066 patent") states on its face that it was issued on October 16, 2001, and that a copy of the patent is attached to the Counterclaims as Exhibit D. Further answering, Analog states that the '066 patent is entitled "Control Circuit And Method For Maintaining High Efficiency Over Broad Current Ranges In A Switching Regular [sic] Circuit." No answer is required to the remaining allegations contained in paragraph 81 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the remaining allegations contained in paragraph 81 of the Counterclaims.

82.     Analog admits that U.S. Patent No. 6,580,258 (the "'258 patent") is entitled "Control Circuit And Method For Maintaining High Efficiency Over Broad Current Ranges In A Switching Regulator Circuit," that the patent states on its face that it was issued on June 17, 2003, and that a copy of the patent was attached to the Counterclaims as Exhibit E. No answer is required to the remaining allegations contained in paragraph 82 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the remaining allegations contained in paragraph 82 of the Counterclaims.

83.     Analog admits that U.S. Patent No. 6,144,194 (the "'194 patent") is entitled "Polyphase Synchronous Switching Voltage Regulators," that the patent states on its face that it was issued on November 7, 2000, and that a copy of the patent is attached to the Counterclaims

as Exhibit F. No answer is required to the remaining allegations contained in paragraph 83 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the remaining allegations contained in paragraph 83 of the Counterclaims.

84.     Analog admits that U.S. Patent No. 6,100,678 (the "'678 patent") is entitled "Single Pin Package Providing Soft-Start And Short-Circuit Timer Functions In A Voltage Regulator Controller," that the patent states on its face that it was issued on August 8, 2000, and that a copy of the patent is attached to the Counterclaims as Exhibit G. No answer is required to the remaining allegations contained in paragraph 84 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the remaining allegations contained in paragraph 84 of the Counterclaims.

85.     Analog admits that U.S. Patent No. 5,212,618 (the "'618 patent") is entitled "Electrostatic Discharge Clamp Using Vertical NPN Transistor," that the patent states on its face that it was issued on August 8, 2000, and that a copy of the patent is attached to the Counterclaims as Exhibit H. No answer is required to the remaining allegations contained in paragraph 85 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the remaining allegations contained in paragraph 85 of the Counterclaims.

### COUNT I
### (Infringement of the '178 Patent)

86.     Analog repeats and incorporates its answers to paragraphs 74-85 of this Reply by reference.

87. Analog denies the allegations contained in paragraph 87 of the Counterclaims.

88. No answer is required to the allegations contained in paragraph 88 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the allegations contained in paragraph 88 of the Counterclaims.

89. Analog denies the allegations contained in paragraph 89 of the Counterclaims.

## COUNT II
### (Infringement of the '649 Patent)

90. Analog repeats and incorporates its answers to paragraphs 74-85 of this Reply by reference.

91. Analog denies the allegations contained in paragraph 91 of the Counterclaims.

92. No answer is required to the allegations contained in paragraph 92 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the allegations contained in paragraph 92 of the Counterclaims

93. Analog denies the allegations contained in paragraph 93 of the Counterclaims.

## COUNT III
### (Infringement of the '885 Patent)

94. Analog repeats and incorporates its answers to paragraphs 74-85 of this Reply by reference.

95. Analog denies the allegations contained in paragraph 95 of the Counterclaims.

RLF1-3059627-1

96. No answer is required to the allegations contained in paragraph 96 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the allegations contained in paragraph 96 of the Counterclaims.

97. Analog denies the allegations contained in paragraph 97 of the Counterclaims.

### COUNT IV
### (Infringement of the '066 Patent)

98. Analog repeats and incorporates its answers to paragraphs 74-85 of this Reply by reference.

99. Analog denies the allegations contained in paragraph 99 of the Counterclaims.

100. No answer is required to the allegations contained in paragraph 100 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the allegations contained in paragraph 100 of the Counterclaims.

101. Analog denies the allegations contained in paragraph 101 of the Counterclaims.

### COUNT V
### (Infringement of the '258 Patent)

102. Analog repeats and incorporates its answers to paragraphs 74-85 of this Reply by reference.

103. Analog denies the allegations contained in paragraph 103 of the Counterclaims.

104. No answer is required to the allegations contained in paragraph 104 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the allegations contained in paragraph 104 of the Counterclaims.

RLF1-3059627-1

105. Analog denies the allegations contained in paragraph 105 of the Counterclaims.

## COUNT VI
### (Infringement of the '194 Patent)

106. Analog repeats and incorporates its answers to paragraphs 74-85 of this Reply by reference.

107. Analog denies the allegations contained in paragraph 107 of the Counterclaims.

108. No answer is required to the allegations contained in paragraph 108 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the allegations contained in paragraph 108 of the Counterclaims.

109. Analog denies the allegations contained in paragraph 109 of the Counterclaims.

## COUNT VII
### (Infringement of the '678 Patent)

110. Analog repeats and incorporates its answers to paragraphs 74-85 of this Reply by reference.

111. Analog denies the allegations contained in paragraph 111 of the Counterclaims.

112. No answer is required to the allegations contained in paragraph 112 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the allegations contained in paragraph 112 of the Counterclaims.

113. Analog denies the allegations contained in paragraph 113 of the Counterclaims.

## COUNT VIII
### (Infringement of the '618 Patent)

114.   Analog repeats and incorporates its answers to paragraphs 74-85 of this Reply by reference.

115.   Analog denies the allegations contained in paragraph 115 of the Counterclaims.

116.   No answer is required to the allegations contained in paragraph 116 of the Counterclaims, which merely purport to state conclusions of law. To the extent that an answer is required, Analog denies the allegations contained in paragraph 116 of the Counterclaims.

117.   Analog denies the allegations contained in paragraph 117 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of the '178, '694, '885, '066, '258, '194, '684, and '618 Patents)

Analog has not infringed, contributed to infringement of, and/or induced others to infringe the '178, '694, '885, '066, '258, '194, '684, and/or '618 patents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '178, '694, '885, '066, '258, '194, '684, and '618 Patents)

The '178, '694, '885, '066, '258, '194, '684, and/or '618 patents are invalid for failure to meet one or more of the requisite conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel, Waiver, Laches, Acquiescence, and Prosecution Laches)

The '178, '694, '885, '066, '258, '194, '684, and/or '618 patents are unenforceable by LTC against Analog because of the doctrines of estoppel, waiver, acquiescence, prosecution laches, and/or any other applicable equitable doctrines.

**WHEREFORE**, Analog respectfully requests that this Court enter judgment:

A.   Dismissing the Counterclaims with prejudice;

B.   Declaring that Analog has not infringed, contributed to infringement of, and/or induced others to infringe each of the claims of the '178, '694, '885, '066, '258, '194, '684, and '618 patents;

C.   Declaring that each of the claims of the '178, '694, '885, '066, '258, '194, '684, and '618 patents are invalid;

D.   Declaring that each of the claims of the '178, '694, '885, '066, '258, '194, '684, and '618 patents are unenforceable against Analog because of the doctrines of estoppel, waiver, laches, acquiescence, prosecution laches, and/or any other applicable equitable doctrine;

E.   Permanently enjoining LTC, its officers, employees, agents, and those in privity with any of them from directly or indirectly charging or instituting any action for infringement, inducing infringement, or contributory infringement of any and each of '178, '694, '885, '066, '258, '194, '684, and '618 patents against Analog or any person or entity in privity with Analog, including without limitation Analog's successors, assigns, agents, suppliers, and customers;

F.   Declaring that this case is exceptional and awarding Analog its attorneys' fees and costs under 35 U.S.C. § 285 and any other damages as may be proved;

G.   Awarding Analog its costs and disbursements, including pre-judgment and post-judgment interest, incurred in this action; and

H.   Awarding Analog such other and further relief as the Court deems just and proper.

9

## DEMAND FOR JURY TRIAL

Analog demands a trial by jury on all issues so triable.

*Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Plaintiff and Counterclaim Defendant Analog Devices, Inc.*

Of Counsel:

Wayne L. Stoner
Wayne M. Kennard
Donald R. Steinberg
Benjamin M. Stern
Amy L. Nash
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Heath A. Brooks
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

Dated: September 18, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the address and in the manner indicated below:

### BY HAND

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

### BY FEDERAL EXPRESS

Robert C. Morgan, Esq.
Laurence S. Rogers, Esq.
Ropes & Gray, LLP
1251 Avenue of the Americas
New York, NY 10020

Mark D. Rowland, Esq.
Ropes & Gray, LLP
525 University Avenue
Suite 300
Palo Alto, CA 94301

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Farnan@rlf.com