# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

September 28, 2006

**VIA E-FILING AND HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

Re: **Analog Devices, Inc. v. Linear Technology Corp.,
C.A. No. 06-346-GMS**

Dear Judge Sleet:

Enclosed for Your Honor's consideration is a Proposed Scheduling Order containing the dates discussed at the Rule 16(b) Conference on September 21, 2006. The parties have agreed to all provisions in the Proposed Scheduling Order, but we would like to call one provision to Your Honor's attention. In paragraph 4, the parties specified 6 hours for the *Markman* hearing as Your Honor did not specify a time limit during the Rule 16(b) Conference. If the parties' agreement to 6 hours is not acceptable to Your Honor, please let me know and I will revise and resubmit the Proposed Scheduling Order accordingly.

As always, if Your Honor has any questions, counsel are available at the Court's convenience.

Respectfully,

Frederick L. Cottrell, III

FLC,III/th
cc: Clerk of the Court (via e-filing and hand delivery)
Karen Jacobs Louden, Esq. (via e-filing and hand delivery)

RLF1-3064593-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANALOG DEVICES, INC., | ) | |
| *Plaintiff/Counterclaim Defendant,* | ) ) ) ) ) | |
| vs. | ) ) ) | C.A. No. 06-346-GMS |
| LINEAR TECHNOLOGY CORP., | ) ) ) | |
| *Defendant/Counterclaim Plaintiff.* | ) ) ) | |

## SCHEDULING ORDER

This _____ day of September 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on September 21, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before October 16, 2006.

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before April 2, 2007.

3. **Reliance Upon Advice of Counsel**. Each party shall inform the other party whether it intends to rely upon advice of counsel as a defense to willful infringement no later than August 15, 2007. If a party elects to rely on advice of counsel as a defense to willful

RLF1-3064483-1

infringement, that party shall produce any such opinions on which it intends to rely to the other party no later than August 15, 2007.

4. **_Markman_ Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on July 26, 2007 at 9:00 a.m. Unless the Court directs otherwise, the *Markman* hearing is scheduled for a total of 6 hours with each side having 3 hours. On or before April 2, 2007, the parties shall exchange (a) lists of claim terms they believe are in dispute, together with their proposed constructions of those terms and all intrinsic support for such constructions, and (b) designations of items to be included in the joint appendix containing relevant prosecution history. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues by April 16, 2007. On or before April 30, 2007, the parties shall submit a final joint claim chart which shall include citations to and attach the relevant intrinsic evidence. The parties shall exchange opening claim construction briefs on June 1, 2007, and answering claim construction briefs on June 29, 2007.

5. **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before October 1, 2007. Expert discovery in this case shall be initiated so that it will be completed on or before December 21, 2007. Opening expert reports on issues for which a party bears the burden of proof shall be served on October 23, 2007 with responsive expert reports on November 21, 2007.

    a. **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further

2

briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      b.    **Discovery Limits.** The following limitations on discovery will apply in this action:

          i.    **Interrogatories.** The parties agree that each party may propound, in total, no more than 150 interrogatories to any other party (including subparts) with no one interrogatory directed to more than one patent-in-suit.

          ii.    **Requests For Admission.** The parties agree that each party may propound, in total, no more than 35 requests for admission (including subparts), except that this limitation shall not apply to requests for admission that are directed to the authenticity of documents or admissibility into evidence of documents.

          iii.    **Close Of Discovery Timing.** The parties agree that all written requests for discovery, including for example interrogatories or requests for admission, must be served so that the 30-day response time occurs before the end of fact discovery.

          iv.    **Fact Depositions.** At this stage of the case, the parties agree that the limitations of depositions contained in Fed. R. Civ. P. 30(a)(2)(A) should be modified as follows: each side shall be permitted to take a maximum of 150 hours of depositions of fact witnesses, including 30(b)(6) depositions. Unless otherwise agreed to by the parties, the deposition of an individual non-30(b)(6) witness is limited to one day of

seven (7) hours of actual examination, and no deposition of any witness shall exceed seven (7) hours of examination in a single day; *provided*, however, that: (A) a deposition of an individual inventor shall not exceed fourteen (14) hours over two days; and (B) there shall be no specific hour limit with respect to depositions conducted pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and such depositions may proceed for as many hours as reasonably necessary. The parties may seek leave of the Court to increase the number of depositions available to one or both of the parties or to seek additional time with particular witnesses. The parties and their counsel agree to cooperate in the scheduling, conduct, and location of all depositions.

     v.    **Expert Depositions.** In view of the possibility of narrowing of issues, the parties agree to confer on time limitations for expert depositions prior to the commencement of the period for expert depositions as set by the Court. In the unlikely event that the parties cannot reach agreement, they may present this issue to the Court.

6.    **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.  **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8.  **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter briefs shall be no longer than five (5) pages and shall be filed with the Court no later than October 24, 2007. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than October 31, 2007. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before November 7, 2007. The Court shall hold a telephonic status conference to hear argument and to determine whether the filing of any motion will be permitted on November 14, 2007 at 8:30 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.  **Case Dispositive Motions**. Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before January 15, 2008. Answering briefs shall be filed on or before February 15, 2008. Reply briefs shall be filed on or before February 28, 2008. Parties must submit an original and two (2) copies.

10. **Applications by Motion**. Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or

correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12. **Tutorial**. On May 24, 2007 at 10:00 a.m., the parties shall conduct a technology tutorial by lawyer presentation. Each side shall have one hour.

13. **Motions *in Limine***. No party shall file more than ten (10) motions *in limine*. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. Motions *in limine* are due on or before March 14, 2008 with oppositions due on March 28, 2008 and replies on April 4, 2008. All *Daubert* issues shall be briefed on the same schedule as *in limine* motions.

14. **Pretrial Conference**. On May 21, 2008, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before April 21, 2008.

RLF1-3064483-1

15. **Trial**. This matter is scheduled for jury trial of at least 20 days beginning at 9:00 a.m. on June 16, 2008. During the *Markman* hearing, the Court shall discuss with the parties the manner in which the case will be tried.

16. **Scheduling**. The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE