# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., )<br>)<br>*Plaintiff/Counterclaim* )<br>*Defendant*, )<br>)<br>v. )<br>)<br>LINEAR TECHNOLOGY CORP., )<br>)<br>*Defendant/Counterclaim* )<br>*Plaintiff.* )<br>) | C. A. No. 06-346 (GMS) |

## **CONFIDENTIALITY UNDERTAKING**

I, _____, certify that I am employed by _____ in this action as an in-house attorney, having the title of _____. I have read the Stipulated Protective Order in the above-captioned case. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I understand in particular that I may not disclose any Confidential Information (as designated in accordance with this Stipulated Protective Order) to anyone not qualified to receive it under the Stipulated Protective Order, or use any such information outside the litigation, for example (but without limitation) in the course of preparing or prosecuting patent applications. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order.

EXECUTED this ____ day of October, 2006.

_____

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., ) <br> ) <br> *Plaintiff/Counterclaim* ) <br> *Defendant,* ) <br> ) <br> v. ) <br> ) <br> LINEAR TECHNOLOGY CORP., ) <br> ) <br> *Defendant/Counterclaim* ) <br> *Plaintiff.* ) <br> ) | C. A. No. 06-346 (GMS) |

## **CONFIDENTIALITY UNDERTAKING**

I, _____, certify that I have been retained by _____ as an expert consultant in the above-captioned case, and that I have read the Stipulated Protective Order in the case. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I understand in particular that I may not disclose any Confidential Information or Highly Confidential Information (as designated in accordance with this Stipulated Protective Order) to anyone not qualified to receive it under the Stipulated Protective Order, or use any such information outside the litigation, for example (but without limitation) in the course of preparing or prosecuting patent applications. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order.

EXECUTED this ____ day of October, 2006.

Affiliation: _____

Business Address: _____

RLF1-3069757-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANALOG DEVICES, INC., | ) | |
| | ) | |
| *Plaintiff/Counterclaim Defendant*, | ) ) ) | C. A. No. 06-346 (GMS) |
| v. | ) ) | |
| LINEAR TECHNOLOGY CORP., | ) ) | |
| *Defendant/Counterclaim Plaintiff.* | ) ) ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, each of the parties to the above-captioned action (the "Action") may seek discovery or documents, information or other materials which may contain or relate to confidential, proprietary, trade secrets, know-how or sensitive technical or financial information of another party or of a third party;

IT IS HEREBY ORDERED that the following Stipulated Protective Order be entered in this Action:

1. **Definitions.** "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory and interrogatory answer, request for admission and/or production and response thereto, or other information provided in discovery in this Action ("Discovery Material"), which contains non-public, confidential or proprietary information, whether personal or business-related, trade secrets, know-how or sensitive technical information. Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Highly Confidential." The "Highly Confidential" designation shall be reserved for Confidential Information of the most sensitive nature, which the producing or designating party (the

RLF1-3069757-1

"Designating Party") in good faith believes to be unknown to the party receiving same (the "Receiving Party") and which, if disclosed to the Receiving Party, competitors or persons of expertise in the area, would reveal technical or business advantages of the Designating Party. Highly Confidential Information may include, for example and without limitation: sensitive technical information; information relating to products that have not been offered for sale; new inventions; source code; licenses; business, financial or commercial information; manufacturing costs; pending patent applications; customer lists; prospective business and marketing plans; and sales and marketing information. All such Confidential or Highly Confidential designations shall be made in good faith by the Designating Party and shall be made at the time of disclosure, production, or tender to the Receiving Party, or at such other time as permitted by this Stipulated Protective Order, *provided* that the inadvertent failure to so designate shall not constitute a waiver of such claim, and a party may so designate Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protections of this Stipulated Protective Order, and there shall be no liability for any interim disclosure in good faith. Designations of Confidential and Highly Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

2.  **Designating Confidential Information.** The designation of Discovery Material in the form of documents, discovery requests (*e.g.*, requests for admissions, document requests, interrogatories and responses to any of the same), or other tangible materials (including without limitation computer discs, CDs and tapes) other than depositions or other pretrial testimony as Confidential Information or Highly Confidential Information shall be made by the Designating Party in the following manner:

      a.    Documents and discovery requests or responses designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL," "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or similar designation on each page containing any Confidential Information (or in the case of computer medium on its label and/or cover) to which the designation applies. In the case of discovery requests or responses, this designation shall also be conspicuously affixed on the first page and on any page containing such information. Documents so designated shall be identified by Bates number. To the extent practical, the legend shall be placed near the Bates number on each page of every designated document.

      b.    Documents and discovery requests or responses designated "Highly Confidential" shall be so marked by conspicuously affixing the legend "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or similar designation on each page containing any Highly Confidential Information (or in the case of computer medium on its label and/or cover) to which the designation applies. In the case of discovery requests or responses, this designation shall also be conspicuously affixed on the first page. Documents so designated shall be identified by Bates number. To the extent practical, the legend shall be placed near the Bates number on each page of every designated document.

      c.    If a document or discovery request or response has more than one designation, the more restrictive or higher confidential designation shall apply.

3.    **Exclusions.** Confidential Information and Highly Confidential Information shall not include any Discovery Materials which:

a.  Have been or become lawfully in the possession of the Receiving Party through legitimate business dealings and which are not subject to a confidentiality or non-disclosure agreement or order;

b.  Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party; or

c.  Have been or are lawfully obtained by the Receiving Party from a person or entity lawfully possessing and having the right to disclose such Discovery Materials.

Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

4.  **Qualified Persons – Confidential Information.**  Subject to paragraph 6 of this Stipulated Protective Order, "Qualified Persons" permitted to have access to Discovery Material designated "Confidential Information" under this Stipulated Protective Order shall be limited to:

a.  Outside counsel of record for the parties, and their stenographic, clerical, paralegal and other employees whose duties and responsibilities require access to such materials;

b.  One (1) "in-house" attorney of a corporate party and their respective stenographic, clerical, and paralegal employees whose duties and responsibilities require access to such information. The parties agree that the following individuals shall be qualified as in-house attorneys pursuant to this paragraph, upon such persons signing and providing an undertaking in the form of Exhibit A: (i) John M. England, Corporate & Intellectual Property Counsel for Linear Technology Corp., and (ii) Margaret K. Seif, Vice President, General Counsel and Secretary for Analog Devices, Inc. Copies of the

signed undertakings shall be retained by outside counsel for the respective corporate party. If an individual in-house attorney who has been designated pursuant to this paragraph terminates his or her employment or has his or her responsibilities reassigned, another in-house attorney may be substituted for the individual previously designated, *provided* that the party making the substitution shall provide written notice of intent to disclose identifying the in-house attorney (providing at least the person's name, and title and/or position). Such notice to be served by counsel for the corporate party on the Designating Party no less than ten (10) business days prior to any disclosure of Confidential Information to such person. If within ten (10) business days after receipt of the notice counsel for a Designating Party does not object to the disclosure, Confidential Information designated by that party may be disclosed to such person upon such person signing and providing to the Designating Party an undertaking in the form of Exhibit A. If within ten (10) business days of receipt of such a notice of intent to disclose, counsel for the Designating Party objects to such intended disclosure, no Confidential Information of the Designating Party shall be disclosed to the in-house attorney until such objection is resolved by agreement of the parties or by an order of the Court. Outside counsel for the Receiving Party shall retain a copy of each executed Confidentiality Undertaking and shall serve opposing counsel with a copy with the notice described in this paragraph.

  c.  Retained independent consultants or experts for the parties (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation or

of any direct competitor of any party to this litigation, and who have complied with the provisions of Paragraph 6 of this Stipulated Protective Order;

  d. The Court, court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

  e. Outside document copying services, and/or document coding or computerization services, graphics consultants and jury consultants (hereinafter, "litigation support services"). Notwithstanding any other provision of this Stipulated Protective Order, access to Confidential and Highly Confidential Discovery Material shall be permitted to such vendors, without need for the execution of a Confidentiality Undertaking. The attorneys of record providing Confidential or Highly Confidential documents to litigation support services shall be responsible for that service's compliance with the provisions of this Stipulated Protective Order.

  5. **Qualified Persons – Highly Confidential Information.** Subject to paragraph 6 of this Stipulated Protective Order, "Qualified Persons" permitted to have access to Discovery Material designated "Highly Confidential Information" shall be limited to persons defined by paragraphs 4(a), 4(c), 4(d) and 4(e), above. Persons employed by a party who are defined by paragraph 4(b), above, shall not be permitted access to any Highly Confidential Information of another party absent the prior express written permission of such other party.

  6. **Procedure For Independent Experts.** A person retained by a Receiving Party to be a Qualified Person as defined in paragraph 4(c), above, shall be allowed access to Confidential Information or Highly Confidential Information of the Designating Party only after compliance with the following procedure:

a. The Receiving Party desiring to disclose Confidential Information or Highly Confidential Information to such a person defined by paragraph 4(c) shall provide written notice to the Designating Party identifying the person's name, title, business address, current occupation (or job description), and past and current business relationship(s) with the party retaining them or other party to the litigation, and providing the person's current *curriculum vitae* and a list of previous consulting engagements for the past four (4) years. Upon receipt of such information, the Designating Party shall have ten (10) business days within which to object to the disclosure of Confidential Information or Highly Confidential Information to such person. If objection to disclosure is timely made, and the matter cannot thereafter be resolved by good faith negotiation, the Receiving Party desiring to disclose the Confidential Information or Highly Confidential Information may move the Court for an order allowing the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made. If an objection is made, no Confidential Information or Highly Confidential Information shall be disclosed to the particular person until after the Court rules that disclosure can be made.

b. Before receiving any Confidential Information or Highly Confidential Information, the person shall be furnished with a copy of this Stipulated Protective Order and shall acknowledge, by executing the Confidentiality Undertaking attached hereto as Exhibit B, that he or she has read this Stipulated Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Stipulated Protective Order.

c.     Outside counsel for the Receiving Party shall retain a copy of each executed Confidentiality Undertaking and shall serve opposing counsel with a copy with the notice described in paragraph 6(a).

7.     **Limitations On Use.**  Confidential Information and Highly Confidential Information, including without limitation notes, memoranda or other documents (written or electronic) relating thereto, shall be used by a Receiving Party solely for the purpose of this Action and any appeals therefrom, and shall not be made available, disclosed, or summarized to any person, including a party, other than as permitted by paragraphs 4-6 of this Stipulated Protective Order.  It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as Confidential or Highly Confidential produced by the opposing party *provided* that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with opposing counsel.  The attorneys of record for the parties and other persons receiving Confidential Information or Highly Confidential Information shall exercise best efforts to ensure that all such information is:  (i) used only for the purposes specified herein, and (ii) disclosed only to Qualified Persons.

8.     **Duty Of Care.**  Any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody and use of such Confidential Information or Highly Confidential Information to ensure the confidential or highly confidential nature of the same is maintained.  Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

9. **Unauthorized Disclosure.** If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Stipulated Protective Order, the party responsible for such disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential or Highly Confidential Information and shall make every reasonable effort to retrieve such Confidential or Highly Confidential Information and to prevent further disclosure.

10. **Restricting Access To Other Persons Present.** If a party intends to discuss, quote, or refer to Confidential Information or Highly Confidential Information in a deposition or any other proceeding, such party shall ensure that only those persons permitted by paragraphs 4-6 of this Stipulated Protective Order to have access to such information are present. Whenever information designated as Confidential or Highly Confidential is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may request to have excluded from the room any person who is not entitled under this Stipulated Protective Order to receive information designated as Confidential or Highly Confidential.

11. **Preparing For And Use At Depositions.** During the course of preparing for a deposition or testimony, a fact deponent or witness may only be shown Confidential Information or Highly Confidential Information from another party's documents if such person is otherwise entitled to access under this Stipulated Protective Order or if the documents suggest, on their face, that they were authored or received by the deponent or witness in the normal course of business and outside the context of this litigation. Confidential Information or Highly Confidential Information may only be used at a deposition in compliance with this Stipulated Protective Order.

12. **Designating Deposition Transcripts.** Any deposition transcript containing Confidential Information or Highly Confidential Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as appropriate (*e.g.*, in a footer or header) on individual pages containing Confidential or Highly Confidential Information that information has been so designated. A party may request at a deposition where Confidential Information or Highly Confidential Information is disclosed or expected to be disclosed that the court reporter separate those portions of the transcript containing Confidential Information or Highly Confidential Information, and separately bind such portions from non-confidential portions. A party also may designate any portion or all (if appropriate) of the transcript as containing Confidential Information or Highly Confidential Information within thirty (30) days of receipt of the transcript. Until thirty (30) days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Highly Confidential. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as "Highly Confidential" or "Confidential," whichever protection is being sought, until this Court rules on the issue.

13. **Filing Under Seal With The Court.** Any pleading, paper, or other document filed in this Action that contains or discloses Confidential Information or Highly Confidential Information shall be filed under seal and shall be maintained under seal according to the terms of this Stipulated Protective Order or as otherwise determined by the Court. Any such filing shall be filed in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated January 2005, or as subsequently amended, which shall include, but is not limited to: (1) filing a

cover sheet through CM/ECF indicating that the document is being filed under seal; (2) filing an unredacted hard copy of the sealed document with the Clerk's office with a cover page identifying that the document contains confidential information and is being filed pursuant to the Stipulated Protective Order; and (3) filing a redacted copy of the sealed document through CM/ECF for public inspection within five (5) days of the date of said filing.

14. **No Admission Or Waiver.** Entering into, agreeing to and/or producing or receiving Confidential Information or Highly Confidential Information under or otherwise complying with the terms of this Stipulated Protective Order shall not:

a. Operate as an admission by any party that any Discovery Material designated as Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b. Prejudice in any way the rights of any party or third party to object to the production of documents or things it considers not subject to discovery, or operate as an admission by any such party that the restrictions and procedures set forth herein constitute adequate protection for any particular information that it deems to be Confidential Information or Highly Confidential Information;

c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Stipulated Protective Order;

d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information or Highly

11

Confidential Information should be subject to the terms of this Stipulated Protective Order;

 e. Prejudice in any way the rights of any party or third party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

 f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Stipulated Protective Order;

 g. Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential Information or Highly Confidential Information by that party; or

 h. Limit a party's use of its own Confidential or Highly Confidential Information.

15. **Challenges.** Any party may at any time challenge or object to the designation of any Discovery Materials as Confidential or Highly Confidential. If the parties are unable to resolve the issue, the party seeking disclosure may move the Court to declassify the Confidential or Highly Confidential Information or otherwise for permission to make the disclosure on such terms or conditions as the Court may establish.

16. **Burden Of Proof.** In the event of a dispute concerning the proper classification of information as Confidential or Highly Confidential, the party asserting confidentiality shall

have the burden of proving that the information at issue is entitled to the protection of this Stipulated Protective Order.

17. **Obligation To Produce In Another Action.** A party or any Qualified Person who has received Confidential or Highly Confidential Information shall not produce any such information to any non-party or any other person not otherwise qualified to receive such information under this Stipulated Protective Order absent receipt of a subpoena, discovery request, or court order or process in another action requiring such production. Upon receipt of same, the party or person shall immediately notify outside counsel for the Designating Party of the receipt of such subpoena, discovery request, order or process so as to enable the Designating Party to object to such disclosure or otherwise to protect its interests in such other action. The party or person receiving such subpoena, discovery request, order or process otherwise shall have no obligation to oppose or object to such subpoena, discovery request, order or process.

18. **Inadvertent Production Of Information.** The inadvertent production in discovery of any attorney-client privileged, work product or otherwise protected or exempt information shall not be deemed a waiver or impairment of any claim of privilege or immunity of such information, provided that the Designating Party shall immediately notify the Receiving Party in writing when inadvertent production is discovered. Upon the Receiving Party's receipt of such written notice, the Receiving Party shall return to the Designating Party or destroy such inadvertently produced documents or information and shall not use such documents or information for any purpose.

19. **Non-Party Discovery.** Non-parties who produce information in this Action may avail themselves of the provisions of this Stipulated Protective Order, and Discovery Material

produced by non-parties shall then be treated by the parties in conformance with this Stipulated Protective Order.

20.     **Conclusion Of Litigation.**  All provisions of this Stipulated Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties, and on all persons who have executed a Confidentiality Undertaking, after the conclusion of this Action, through all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of Discovery Materials designated Confidential or Highly Confidential shall, at the request of the Designating Party , be returned to the Designating Party, or at the option of the Receiving Party, destroyed within sixty (60) days after a final judgment herein or settlement of this Action, *provided*, however, that each law firm having entered an appearance for a party may maintain in its files one paper and one electronic archival copy of (a) hearing, trial, and deposition transcripts, (b) exhibits marked or admitted at trial or deposition, (c) correspondence, (d) served papers, and (e) papers filed with the Court.  Outside counsel for the party returning or destroying Confidential or Highly Confidential documents shall certify in writing to the Designating Party that all Confidential or Highly Confidential documents have been returned or destroyed, as the case may be.

21.     **Modifications.**  The parties may, by stipulation, provide for exceptions to this Stipulated Protective Order, and any party may seek an order of this Court modifying this Stipulated Protective Order upon good cause shown.

produced by non-parties shall then be treated by the parties in conformance with this Stipulated Protective Order.

20. **Conclusion Of Litigation.** All provisions of this Stipulated Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties, and on all persons who have executed a Confidentiality Undertaking, after the conclusion of this Action, through all appeals, until further Order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of Discovery Materials designated Confidential or Highly Confidential shall, at the request of the Designating Party, be returned to the Designating Party, or at the option of the Receiving Party, destroyed within sixty (60) days after a final judgment herein or settlement of this Action, *provided*, however, that each law firm having entered an appearance for a party may maintain in its files one paper and one electronic archival copy of (a) hearing, trial, and deposition transcripts, (b) exhibits marked or admitted at trial or deposition, (c) correspondence, (d) served papers, and (e) papers filed with the Court. Outside counsel for the party returning or destroying Confidential or Highly Confidential documents shall certify in writing to the Designating Party that all Confidential or Highly Confidential documents have been returned or destroyed, as the case may be.

21. **Modifications.** The parties may, by stipulation, provide for exceptions to this Stipulated Protective Order, and any party may seek an order of this Court modifying this Stipulated Protective Order upon good cause shown.

22. **Retention Of Jurisdiction.** The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulated Protective Order.

| | |
|---|---|
| *Kelly E. Farnan* | /s/ Karen Jacobs Louden |
| Frederick L. Cottrell, III (#2555) | Jack B. Blumenfeld (#1014) |
| cottrell@rlf.com | jblumenfeld@mnat.com |
| Kelly E. Farnan (#4395) | Karen Jacobs Louden (#2881) |
| farnan@rlf.com | klouden@mnat.com |
| Matthew W. King (#4566) | Morris, Nichols, Arsht & Tunnell, LLP |
| king@rlf.com | 1201 Market Street |
| Richards, Layton & Finger, P.A. | Wilmington, DE 19899 |
| One Rodney Square, P.O. Box 551 | (302) 658-9200 |
| Wilmington, DE 19899 | *Attorneys for Defendant/Counterclaim Plaintiff* |
| (302) 651-7700 | *Linear Technology Corp.* |
| *Attorneys for Plaintiff/Counterclaim Defendant* | |
| *Analog Devices, Inc.* | |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| Wayne L. Stoner | Robert C. Morgan |
| Wayne M. Kennard | Laurence S. Rogers |
| Donald R. Steinberg | Ropes & Gray LLP |
| Benjamin M. Stern | 1251 Avenue of the Americas |
| Amy L. Nash | New York, NY 10020 |
| Wilmer Cutler Pickering Hale and Dorr LLP | (212) 596-9000 |
| 60 State Street | |
| Boston, MA 02109 | Mark D. Rowland |
| (617) 526-6000 | Ropes & Gray LLP |
| | 525 University Avenue, Suite 300 |
| David L. Cavanaugh | Palo Alto, CA 94301 |
| Heath A. Brooks | (650) 617-4000 |
| Wilmer Cutler Pickering Hale and Dorr LLP | |
| 1875 Pennsylvania Avenue, N.W. | Dated: October 12, 2006 |
| Washington, D.C. 20006 | |
| (202) 663-6000 | |
| | |
| Dated: October 12, 2006 | |

**IT IS SO ORDERED** this ___ day of October, 2006.

_____
United States District Judge

15