IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANALOG DEVICES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-346 (GMS) |
| | ) | |
| LINEAR TECHNOLOGY CORP., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## NOTICE OF SUBPOENA OF SEMICONDUCTOR RESEARCH CORPORATION

TO PLAINTIFF ANALOG DEVICES, INC. AND ITS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT,** pursuant to Rules 30(b)(6) and 45 of the Fed. R. Civ. P., defendant Linear Technology Corp. ("LTC"), shall take the deposition upon oral examination, pursuant to the accompanying form of subpoena *duces tecum* served or to be served, of Semiconductor Research Corporation ("SRC"), Brighton Hall, Suite 120, 1101 Slater Road, Durham, NC 27703 by such person(s) as may be designated and competent to testify on behalf of SRC with respect to the topics set forth on the attached Schedule B. The deposition shall commence at 9:30 a.m. on September 19, 2007 at the offices of Ropes & Gray, 1211 Avenue of the Americas, New York, New York 10036, or at such other time and place agreed to by counsel.

**PLEASE TAKE FURTHER NOTICE** that SRC shall be commanded by subpoena to produce for inspection and copying on or before September 19, 2007, at the aforementioned offices of Ropes & Gray LLP, or at such other time and place as may be agreed by counsel, all documents and things in its possession, custody and control that are called for by the document request attached hereto as Schedule A.

The deposition shall be recorded by stenographic and videographic means before a Notary Public or other officer authorized by law and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
*Attorneys for Defendant and Counterclaim-*
*Plaintiff Linear Technology Corp.*

OF COUNSEL:

Robert C. Morgan
Laurence S. Rogers
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000

Mark D. Rowland
Ropes & Gray LLP
525 University Avenue, Suite 300
Palo Alto, CA  94301
(650) 617-4000

August 30, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August 30, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell, III
>RICHARDS, LAYTON & FINGER

I also certify that copies were caused to be served on August 30, 2007 upon the following in the manner indicated:

**BY HAND AND EMAIL**

>Frederick L. Cottrell, III
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE  19899

**BY EMAIL AND U.S. MAIL**

>Wayne L. Stoner
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA  02109


*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden (#2881)
klouden@mnat.com

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

ANALOG DEVICES, INC.,

    *Plaintiff/Counterclaim-Defendant,*

             v.

LINEAR TECHNOLOGY CORP.,

    *Defendant/Counterclaim-Plaintiff.*

### SUBPOENA IN A CIVIL CASE

CASE NO. 06-346 (GMS)

TO:  Semiconductor Research Corporation
Brighton Hall, Suite 120
1101 Slater Road
Durham, NC 27703

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| | |
|---|---|
| ☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by sound, video and/or stenographic means. SEE SCHEDULE B ATTACHED HERETO | |
| PLACE OF DEPOSITION<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, New York 10036 | DATE AND TIME<br>9:30 A.M.<br>September 19, 2007 |

| | |
|---|---|
| ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE SCHEDULE A ATTACHED HERETO | |
| PLACE<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, New York 10036 | DATE AND TIME<br>9:30 A.M.<br>September 19, 2007 |

| | |
|---|---|
| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure 30(b)(6).

| | |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT<br><br>Attorney for Defendants | DATE<br><br>August 30, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Khue V. Hoang<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York NY 10036 | TELEPHONE<br>(212) 596-9000 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Date | Place |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____

DATE                          SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS AND INSTRUCTIONS

1. "LTC" means Linear Technology Corp. and its subsidiaries, successors, assignees, officers, employees and agents.

2. "SRC," "you" and "your" refer to Semiconductor Research Corporation and any predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3. In construing these definitions and instructions: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine or neuter pronoun shall not exclude the other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of an interrogatory all information that might otherwise be construed to be outside its scope; and (iv) the word "any" shall be read to mean each and every.

4. The terms "concerning" or variants thereof shall mean concerning, constituting, referring to, relating to, or variants thereof.

5. The terms "person" or "persons" mean any natural person or any business, legal or governmental entity or association, including without limitation any corporation, partnership, unincorporated association, joint venture, sole proprietorship, or any and/or all other organization(s) or group of individuals together with the employees, agents, consultants, and attorneys thereof.

6. "Entity" or "entities" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments,

including foreign national governments, the government of the United States or any state or local government, and all departments and agencies thereof, political subdivisions, groups, associations or organizations.

      7.    "Document" and/or "thing" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and shall be construed to mean, without limitation, any written, printed, typed, stored, xerographically copied, photographed, recorded, or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "Document" specifically includes all forms of electronic data (e.g., e-mails, digital files, web pages, electronic logs, etc.). A draft, translation or non-identical copy is a separate document within the meaning of this term. As used herein, "thing" also means any tangible item(s), other than a "document" as defined herein, which constitutes or contains matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

      8.    "TECHCON '96" and "the conference" refer, collectively, to the conference and Technology Fair ("TechFair"), sponsored by SRC and held on September 12-14, 1996 in Phoenix, AZ.

      9.    The "Abo Paper" means the document authored by Andrew Abo entitled "Low-Voltage, High-Speed, High-Precision, Switched-Capacitor Circuits," and all related materials which were presented and/or made available at TECHCON '96.

**SCHEDULE A**

**DOCUMENTS REQUESTED**

1.     Documents or other materials relating to the work of Andrew Abo presented, made available and/or distributed to conference attendees or others at or in connection with TECHCON'96.

2.     Documents or any other materials announcing, advertising, mentioning or summarizing Mr. Abo's presentation.

3.     Documents containing the names and/or affiliations of those invited to attend TECHCON'96.

4.     Documents containing the names and/or affiliations of those attending TECHCON'96.

5.     Documents containing the names and/or affiliations of those who attended Mr. Abo's presentation.

6.     Documents sufficient to show the date(s) on which Mr. Abo's materials were made available to non-conference attendees.

7.     Documents sufficient to show the date(s) on which Mr. Abo's materials were made available to non-members via the Internet, printed "proceedings," or otherwise.

8.     Documents sufficient to show SRC's policy, if any, regarding the copying and/or dissemination conference materials at SRC-sponsored conferences, including TECHCON '96.

## SCHEDULE B

## TOPICS

1.     The authentication of the documents produced in response to Schedule A.

2.     The authentication of the documents attached to this Schedule as Exhibits 1-3.

3.     The meaning and interpretation of the information described by the documents (a) produced in response to Schedule A, and (b) attached to this Schedule B.

4.     The nature of the documents produced in response to Schedule A and attached to this Schedule B (a) as records of regularly conducted business activities of SRC, (b) as recorded recollections of a person who once had knowledge of the matters described therein, and/or (c) as to the trustworthiness of the information set forth in the documents.

5.     The TECHCON '96 conference, including the means by which the conference was advertised; the date(s) the conference was held; the names and affiliations of those invited to attend the conference; the names and affiliations of those who attended the conference; the date(s) and duration of Mr. Abo's presentation; the names and affiliations of those who attended Mr. Abo's presentation; whether any materials relating to Mr. Abo's presentation were publicly accessible for any length of time following the presentation.

6.     Facts and circumstances surrounding the accessibility of the Abo Paper by the public at large during and after TECHCON '96, including the first date on which the Abo Paper was accessible to non-conference attendees.

7.     Facts and circumstances surrounding distribution, dissemination, and/or publication of the Abo Paper during and after TECHCON '96.

8.     Policies regarding the copying and/or dissemination of conference materials at SRC-sponsored conferences, including TECHCON '96.

# EXHIBIT 1



Semiconductor Research Corporation
P.O. Box 12053
Research Triangle Park, NC 27709-2053

August 29, 2007

Ms. Khue V. Hoang, Esq.
Ropes & Gray
Fish & Neave IP Group
1211 Avenue of the Americas
New York, NY 10036

    Re:   Request for Documents Presented at TECHCON '96

Dear. Ms. Hoang:

    Pursuant to your letter request of August 14, 2007, relating to a presentation given by Mr. Andrew Abo at TECHCON '96, enclosed are the documents you requested. The first document is the paper that Mr. Abo made available for TECHCON. The second document is the abstract provided to SRC by the authors. We do not have the actual presentation that was made at the conference. Mr. Abo may have retained those materials.

    Our records indicate that approximately 525 people attended the conference. However, we do not have a list of people who attended each presentation. That information is not something we maintain as a matter of course. The conference was held September 12-14, 1996. The presentation would have been made during that time period. We do not have any records having the additional date information you requested.

    Distribution of presentations at TECHCON and on the SRC web site is controlled. Attendance at TECHCON is by invitation only. Access to the web site is password protected and is not available to non-members.

    If you elect to proceed with a deposition relative to these documents, we appreciate your commitment to minimize the impact on SRC. Because of the long period of time since TECHCON '96, available information is extremely limited.

        Very truly yours,

        *Michael C. Phillips*

        Michael C. Phillips
        Direct, Contracts & Intellectual Property

# EXHIBIT 2

A. M. Abo and P. Gray; Univ. of California/Berkeley; 2-Jul-1996; (Pub Z96116); Task 570.001

For high-volume, dedicated analog-to-digital circuit interfaces, CMOS has emerged as the technology most suited to cost-effective integration. In this CMOS environment, switched-capacitor circuits have demonstrated high-performance analog signal processing for a large class of applications such as pipeline A/D converters, sigma-delta modulators, active filters, and sample-and-holds. Trends in CMOS technology, however, are driven by the needs of digital VLSI. For low power and scaled device reliability, these trends seek to lower the voltage supply. This poses several problems for switched-capacitor circuits integrated in a scaled technology. This research focuses on investigating the impact of technology voltage scaling on switched-capacitor circuits and developing circuit strategies and techniques to overcome these problems. At low voltage, where the threshold voltage is a large fraction of the voltage supply, the MOS switch becomes difficult to turn on. This research proposes a new technique for driving low-voltage MOS switches. A circuit has been developed which bootstraps the gate off of the signal voltage, allowing the switch to be turned on while keeping all terminal-to-terminal voltages less than one voltage supply and maintaining device reliability. The opamp also becomes difficult to design at low voltage. AC level-shifting has already proven useful for switched-capacitor circuits such as dynamic common-mode feedback. Using this technique in a new context and putting a dynamic AC level-shift in the signal path, more flexibility in opamp topology is gained. This research proposes a 1.5V folded-cascode, common-source cascade coupled with a dynamic AC level-shift. As a demonstration of these techniques, a low-voltage (1.5V), high-precision (10b), high-speed (20MS/s) pipeline analog-to-digital converter will be fabricated.

# EXHIBIT 3

# Low-voltage, High-Speed, High-Precision, Switched-Capacitor Circuits

Andrew M. Abo and Paul R. Gray

University of California, Berkeley

In high-volume, dedicated analog-to-digital circuit interfaces, the integration of analog and digital signal processing on the same chip has become a key trend in reducing production costs, power consumption, and form factor. In these applications, such as disk drive read channels, camcorders, and LAN transceivers, cost is often more important than raw performance. As a result, the circuit industry has witnessed increasing levels of integration in these areas. CMOS has emerged as the technology most suited to cost-effective, high-volume integration. In this CMOS environment, switched-capacitor circuits have demonstrated high-performance analog signal processing for a large class of applications such as pipeline A/D converters, sigma-delta modulators, active filters, and sample-and-holds.

Trends in CMOS technology, however, are driven by the needs of digital VLSI. For low power and scaled device reliability, these trends seek to lower the voltage supply. This poses several problems for switched-capacitor circuits integrated in a scaled technology. Circuit noise does not scale with the signal voltage, and SNR is degraded. Offset voltages also do not scale and actually increase for small geometry transistors. The two key building blocks, the MOS switch and the opamp, become difficult to operate at low voltage. Furthermore, lowering the voltage supply fundamentally trades off with an increase in power consumption (for high-resolution, class A, switched-capacitor circuits). This research focuses on developing circuit strategies to overcome these problems while avoiding costly process enhancements. These techniques will help sustain CMOS technology as a cost-effective medium for analog and digital circuit integration in the

future of scaled devices.

As the voltage supply is lowered, it is the loss of signal swing that greatly complicates the circuit design and causes fundamental degradation in performance. Therefore, the central strategy for designing low-voltage circuits is to maximize the available signal swing whenever possible. Differential operation becomes essential for maximizing swing and rejecting common-mode noise. It is also critical that the MOS switches and opamps have the largest output swing possible. Because the main motivation for lowering the voltage supply is to maintain the reliability of scaled devices, it is critical that achieving these goals does not simultaneously overstress the transistors with excessive voltages.

The signal swing of the MOS switch is greatly limited at low voltage. Here the threshold voltage can be a large fraction of the voltage supply, which limits the signal swing to $V_{dd}$-$V_t$. When the threshold voltage is larger than half of the voltage supply, complementary switches do not extend the signal swing. To achieve a near rail-to-rail swing, the switch's gate voltage must be driven outside the supply rails. Therefore, without special circuitry, the switch cannot be activated. Previous work has focused on using charge pumps to generate large on-chip voltages greater than the supply to drive the gate of the switch. For true low-voltage technologies, however, this introduces long-term reliability concerns, particularly gate oxide breakdown. This research proposes a new technique for driving low-voltage MOS switches. A circuit has been developed which bootstraps the gate off of the signal voltage, allowing rail-to-rail operation while keeping all terminal-to-terminal voltages less than one voltage supply. Thus, device reliability is ensured.

The opamp also becomes difficult to design at low voltage. The limited voltage headroom and the desire for large output swing precludes the use of many high-speed topologies, such as

telescopic and folded cascode opamps.  Multi-stage opamps achieve high gain and high swing at low voltage, however they require nested frequency compensation.  This solution tends to be low bandwidth and power inefficient. This research proposes a folded-cascode, common-source cascade topology that achieves high bandwidth, high gain, and high swing.  This topology is made possible at low voltage by using a dynamic AC level-shift in the signal path. This technique allows critical DC operating voltages to be set independently and enables operation nearly down to $V_{gs}+V_{dsat}$. The common-source output provides rail-to-rail output swing to maximize the dynamic range for a given voltage supply.

These circuit strategies demonstrate that switched-capacitor circuits can be integrated with low-voltage, digital CMOS technology. The use of circuit solutions avoids the addition of process enhancements, preserving the cost-effectiveness of high-integration. As a demonstration of these techniques, a low-voltage (1.5V), high-precision (10b), high-speed (20MS/s) pipeline analog-to-digital converter will be fabricated.  This work is supported by SRC contract 95-DJ-570.