IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., | ) ) ) |
| *Plaintiff/Counterclaim Defendant*, | ) ) C.A. No. 06-346-GMS |
| v. | ) ) |
| LINEAR TECHNOLOGY CORP., | ) ) ) |
| *Defendant/Counterclaim Plaintiff.* | ) ) |

**NOTICE OF DEPOSITION OF ANALOG DEVICES, INC.
PURSUANT TO RULE 30(b)(6) REGARDING ANALOG'S PATENTS (DAMAGES)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), Fed.R.Civ.P., and commencing at 9:30 a.m. on September 17, 2007 at the offices of Ropes & Gray, 525 University Avenue, Suite 300, Palo Alto, California, or at such other time and place agreed to by counsel, defendant Linear Technology Corporation ("LTC") shall take the deposition by oral examination of plaintiff Analog Devices, Inc. ("Analog"), by one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable with respect to each of the topics listed in attached Schedule A.

LTC requests that Analog provide written notice at least five (5) business days in advance of the deposition of (1) the name and position of each designee who has consented to testify on its behalf, and (2) the topics in Schedule A as to which each such designee has consented to testify.

The deposition shall be recorded by stenographic and videographic means before a Notary Public or other officer authorized by law and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
  *Attorneys for Defendant and Counterclaimant*
  *Linear Technology Corporation*

*Of Counsel*:

Robert C. Morgan
Laurence S. Rogers
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000

Mark D. Rowland
ROPES & GRAY LLP
525 University Avenue
Suite 300
Palo Alto, CA  94301
(650) 617-4000

August 31, 2007

**DEFINITIONS AND INSTRUCTIONS**

LTC incorporates by reference its Definitions and Instructions recited in its First Set of Interrogatories (Nos. 1-91) and its First Set of Document Requests (1-67), and further defines the following term:

1. "LTC Accused Product" means any product or family of products designed, developed, tested, made, used, demonstrated, offered for sale, or sold by LTC, which Analog alleges or believes is covered by any claim of any of the Analog Patents. This definition includes, without limitation, the following products: LT1794, LT2202, LT2203, LT2204, LT2205, LT2206, LT2207, LT2208, LT2205-14, LT2206-14, LT2207-14, LT2208-14, LT2220, LT2220-1, LT2221, LT2222, LT2223, LT2224, LT2225, LT2226, LT2227, LT2228, LT2229, LT2230, LT2231, LT2232, LT2233, LT2234, LT2235, LT2236, LT2237, LT2238, LT2239, LT2245, LT2246, LT2247, LT2248, LT2249, LT2250, LT2251, LT2252, LT2253, LT2254, LT2255, LT2280, LT2281, LT2282, LT2283, LT2284, LT2285, LT2286, LT2287, LT2288, LT2289, LT2290, LT2291, LT2292, LT2293, LT2294, LT2295, LT2296, LT2297, LT2298, LT2299, LT5504, LT5534 and LT5537.

## SCHEDULE A

### TOPICS

1. Facts and circumstances concerning Analog's first awareness of the LTC Accused Products, including but not limited to the persons who first became aware of the LTC Accused Products.

2. Any notice given to LTC regarding alleged infringement of the Analog Patents prior to the filing of the complaint in this action.

3. Analog's marketing and sales of products covered by any of the Analog Patents.

4. The date that each of Analog's products covered by any of the Analog Patents was first sold or offered for sale.

5. Analog's gross and net profit (or operating profit) margin, revenue and unit volume of sales of products covered by the Analog Patents and the method of computation of such gross and net profit for each product made, used, distributed, licensed, or sold by Analog that is covered by any of the Analog Patents.

6. Direct and indirect costs relating to the manufacture and sale by Analog of its products covered by the Analog Patents, including the accounting treatment and allocation of any such direct or indirect costs.

7. Analog's sales of products covered by the Analog Patents, including but not limited to a description of Analog's sales force (Analog employees as well as external representatives), its duties and responsibilities, how Analog's sales are made, and the policies, procedures and contract terms under which Analog's sales are made.

8. Markets for the products covered by the Analog Patents or which compete with such products, and the shares of any such markets, if any, served by Analog, LTC, and others (chronologically, geographically, and otherwise).

9. Market research prepared, received or used by Analog, concerning the market for the products covered by the Analog Patents or which compete with such products, including but not limited to research relating to market size, market share, individual customers, customer needs and preferences, the relative importance of price, quality, reliability, specific product features, product performance and product service and support, and the ways in which Analog has used such market research in its business.

10. Comparisons of products covered by the Analog Patents with any other products.

11. Customer feedback regarding the products covered by the Analog Patents, including all instances where such products failed to meet customer specifications or requirements and the actions taken by Analog and Analog's customers concerning such complaints.

12. Analog's capacity and ability to manufacture products covered by the Analog Patents (including any delays in supplying customers with new or replacement products).

13. Analog's manufacturing and marketing capability to exploit demand for LTC's allegedly infringing products.

14. Analog's patent licensing practices, including Analog's policies and procedures regarding patent licenses.

15. Any attempt by Analog to license or to obtain a license to any product or device covered by or related to the subject matter of any of the Analog Patents, including all communications relating thereto.

16. Analog's pricing of products covered by the Analog Patents, Analog's method for setting prices for each such product and the information used to set such prices, and each of Analog's reductions or other adjustments in the prices of its products and the reasons for each such price reduction or adjustment.

17. Competition in the marketplace for sales of LTC's allegedly infringing products, including the market share of each market participant.

18. Demand for Analog's products covered by the Analog Patents and the features or functions of the products responsible for that demand.

19. Analog's marking, or failure to mark, products covered by the Analog Patents with the numbers of those patents.

20. Products that Analog alleges to be available and acceptable non-infringing substitutes for the inventions of the Analog Patents.

21. The locations, types, and descriptions of documents recording information encompassed by the foregoing topics.

22. The identity and location of persons knowledgeable about the foregoing topics and documents recording information encompassed by the foregoing topics.

**CERTIFICATE OF SERVICE**

I, Karen Jacobs Louden, hereby certify that on August 31, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell, III
> RICHARDS, LAYTON & FINGER

I also certify that copies were caused to be served on August 31, 2007 upon the following in the manner indicated:

> **BY E-MAIL & HAND DELIVERY**
> Frederick L. Cottrell, III
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801
>
> **BY E-MAIL**
> Wayne L. Stoner
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109

>> */s/ Karen Jacobs Louden* (#2881)
>> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>> 1201 N. Market Street
>> P.O. Box 1347
>> Wilmington, DE 19899
>> (302) 658-9200
>> klouden@mnat.com