**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANALOG DEVICES, INC., | ) ) ) |
| *Plaintiff/Counterclaim Defendant*, | ) ) C.A. No. 06-346-GMS |
| v. | ) ) |
| LINEAR TECHNOLOGY CORP., | ) ) ) |
| *Defendant/Counterclaim Plaintiff.* | ) ) |

**NOTICE OF DEPOSITION OF ANALOG DEVICES, INC.**
**PURSUANT TO RULE 30(b)(6) REGARDING LTC'S PATENTS (LIABILITY)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), Fed.R.Civ.P., and commencing at 9:30 a.m. on September 17, 2007 at the offices of Ropes & Gray, 525 University Avenue, Suite 300, Palo Alto, California, or at such other time and place agreed to by counsel, defendant Linear Technology Corporation ("LTC") shall take the deposition by oral examination of plaintiff Analog Devices, Inc. ("Analog"), by one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable with respect to each of the topics listed in attached Schedule A.

LTC requests that Analog provide written notice at least five (5) business days in advance of the deposition of (1) the name and position of each designee who has consented to testify on its behalf, and (2) the topics in Schedule A as to which each such designee has consented to testify.

The deposition shall be recorded by stenographic and videographic means before a Notary Public or other officer authorized by law and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
  *Attorneys for Defendant and Counterclaimant*
  *Linear Technology Corporation*

*Of Counsel*:

Robert C. Morgan
Laurence S. Rogers
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000

Mark D. Rowland
ROPES & GRAY LLP
525 University Avenue
Suite 300
Palo Alto, CA  94301
(650) 617-4000

August 31, 2007

**DEFINITIONS AND INSTRUCTIONS**

LTC incorporates by reference its Definitions and Instructions recited in its First Set of Interrogatories (Nos. 1-91) and its First Set of Document Requests (1-67), and further defines the following terms:

1. "ADI Device" means any product or other device (e.g., a circuit board), or family of products designed, developed, tested, made, used, demonstrated, imported, offered for sale, or sold by Analog, that is (or includes) any of the following: (1) a high efficiency synchronous switching voltage regulator (or converter) or a controller for such a voltage regulator; (2) a synchronous switching voltage regulator (or converter) or controller for such a voltage regulator having a synchronous rectifier and/or multiple-phase operation; (3) a synchronous or nonsynchronous switching voltage regulator (or converter) or controller for such a voltage regulator having (a) pulse-skipping, (b) other mode of operation to save power at light loads, (c) an off-time control circuit, and/or (d) a short-circuit timer function controlled by an external capacitor connected to a package pin; and/or (4) an electrostatic discharge protection clamp for an input terminal, the clamp including a vertical bipolar transistor. "ADI Device" also includes all Analog products that LTC has identified in this litigation as infringing or potentially infringing any of the LTC Patents, as well as all Analog products that are in the same product "family" or use the same "die" as any of the identified products.

2. "Analog Collateral Product" means any product, or family of products, other than the ADI Devices, that was designed, developed, tested, made, used, demonstrated, imported, offered for sale, or sold by Analog that (1) has ever been sold at the same time or in the same or related transaction as an ADI Device and (2) either (a) has ever been used by Analog or any other person in the same circuit, board, or component as an ADI Device, or (b) Analog

has ever stated or suggested could be or should be used in the same circuit, board, or component as an ADI Device.

## SCHEDULE A

### TOPICS

1. The identity of each ADI Device and switching voltage regulator circuits made by Analog that incorporate an ADI Device, including but not limited to the identity of the datasheets and schematics that describe such devices and circuits.

2. The structure, circuitry, and operation of the ADI Devices and switching voltage regulator circuits made by Analog that incorporate an ADI Device.

3. The design, development, manufacture and testing of the ADI Devices and switching voltage regulator circuits made by Analog that incorporate an ADI Device.

4. Importation by Analog of the ADI Devices into the United States.

5. Use of the ADI Devices and switching voltage regulator circuits that incorporate an ADI Device by purchasers or users of the ADI Devices.

6. Instructions to purchasers or users of the ADI Devices regarding the actual or potential uses, applications, or functions of the ADI Devices, including but not limited to instructions provided by Analog's data sheets, manuals, notes, and other documents.

7. Analog's awareness or consideration of each of the LTC Patents, including but not limited to facts and circumstances concerning Analog's first knowledge of each of the LTC Patents.

8. Analog's decisions to develop, manufacture and sell the ADI Devices.

9. Each study, analysis, or opinion, whether written or oral, relating to the patentability, validity, enforceability, or infringement of the LTC Patents.

10. Communications, whether oral or written, between Analog and any attorney regarding the subject matter of any opinions Analog received relating to the LTC Patents.

2

11. Design, development, testing, operation, sale, and use of the circuit incorporated in the Analog product designated as model number AD892 that Analog contends invalidates one or more claims of the '618 patent.

12. Analyses, assessments, studies, or projections of the commercial success, and reasons for any such success, of each ADI Device.

13. The locations, types, and descriptions of documents recording information encompassed by the foregoing topics.

14. The identity and location of persons knowledgeable about the foregoing topics and documents recording information encompassed by the foregoing topics.

2

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that on August 31, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell, III
>RICHARDS, LAYTON & FINGER

I also certify that copies were caused to be served on August 31, 2007 upon the following in the manner indicated:

>**BY E-MAIL & HAND DELIVERY**
>Frederick L. Cottrell, III
>Richards, Layton & Finger
>One Rodney Square
>Wilmington, DE  19801
>
>**BY E-MAIL**
>Wayne L. Stoner
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA  02109

>*/s/ Karen Jacobs Louden* (#2881)
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>klouden@mnat.com