**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ANALOG DEVICES, INC., | ) ) ) |
| *Plaintiff/Counterclaim Defendant*, | ) ) C.A. No. 06-346-GMS |
| v. | ) ) |
| LINEAR TECHNOLOGY CORP., | ) ) ) |
| *Defendant/Counterclaim Plaintiff.* | ) ) |

**NOTICE OF DEPOSITION OF ANALOG DEVICES, INC.
PURSUANT TO RULE 30(b)(6) REGARDING ANALOG'S PATENTS (LIABILITY)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), Fed.R.Civ.P., and commencing at 9:30 a.m. on September 17, 2007 at the offices of Ropes & Gray, 525 University Avenue, Suite 300, Palo Alto, California, or at such other time and place agreed to by counsel, defendant Linear Technology Corporation ("LTC") shall take the deposition by oral examination of plaintiff Analog Devices, Inc. ("Analog"), by one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable with respect to each of the topics listed in attached Schedule A.

LTC requests that Analog provide written notice at least five (5) business days in advance of the deposition of (1) the name and position of each designee who has consented to testify on its behalf, and (2) the topics in Schedule A as to which each such designee has consented to testify.

The deposition shall be recorded by stenographic and videographic means before a Notary Public or other officer authorized by law and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Karen Jacobs Louden* |
|  | Jack B. Blumenfeld (#1014) |
|  | Karen Jacobs Louden (#2881) |
|  | 1201 N. Market Street |
|  | P.O. Box 1347 |
|  | Wilmington, DE 19899 |
|  | (302) 658-9200 |
|  | jblumenfeld@mnat.com |
|  | klouden@mnat.com |
|  |   *Attorneys for Defendant and Counterclaimant* |
|  |   *Linear Technology Corporation* |

*Of Counsel*:

Robert C. Morgan
Laurence S. Rogers
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Mark D. Rowland
ROPES & GRAY LLP
525 University Avenue
Suite 300
Palo Alto, CA 94301
(650) 617-4000

August 31, 2007

**DEFINITIONS AND INSTRUCTIONS**

LTC incorporates by reference its Definitions and Instructions recited in its First Set of Interrogatories (Nos. 1-91) and its First Set of Document Requests (1-67), and further defines the following term:

1. "LTC Accused Product" means any product or family of products designed, developed, tested, made, used, demonstrated, offered for sale, or sold by LTC, which Analog alleges or believes is covered by any claim of any of the Analog Patents. This definition includes, without limitation, the following products: LT1794, LT2202, LT2203, LT2204, LT2205, LT2206, LT2207, LT2208, LT2205-14, LT2206-14, LT2207-14, LT2208-14, LT2220, LT2220-1, LT2221, LT2222, LT2223, LT2224, LT2225, LT2226, LT2227, LT2228, LT2229, LT2230, LT2231, LT2232, LT2233, LT2234, LT2235, LT2236, LT2237, LT2238, LT2239, LT2245, LT2246, LT2247, LT2248, LT2249, LT2250, LT2251, LT2252, LT2253, LT2254, LT2255, LT2280, LT2281, LT2282, LT2283, LT2284, LT2285, LT2286, LT2287, LT2288, LT2289, LT2290, LT2291, LT2292, LT2293, LT2294, LT2295, LT2296, LT2297, LT2298, LT2299, LT5504, LT5534 and LT5537.

## SCHEDULE A

### TOPICS

1. Facts and circumstances concerning any tests or analyses, including reverse engineering, conducted by Chipworks, Inc., Tyndall National Institute, or any other person or entity acting on behalf of Analog on any of the LTC Accused Products.

2. The prosecution of the applications leading to the Analog Patents, the decision(s) to prosecute these applications and the identification of the people involved in the decision(s).

3. All prior art searches performed by or on behalf of Analog concerning the subject matter of the Analog Patents, and the prior art found.

4. All prior art concerning the subject matter of the Analog Patents of which Analog is aware.

5. Any use, disclosure to others, sale or offer for sale of any of the alleged inventions of:

   a) the '909 Patent in the United States prior to March 27, 1988;

   b) the '326 Patent in the United States prior to November 6, 1996; and

   c) the '633 patent in the United States prior to April 27, 1999.

6. The conception, reduction to practice (actual or constructive), diligence towards reduction to practice, first written description, first drawing or sketch, and the development or testing of the subject matter of the Analog Patents.

7. The identification of all products, whether designed or manufactured by Analog or by others, which are covered by the Analog Patents.

8.  Any written or oral opinions, evaluations, searches, studies, investigations, analyses, reviews, reports, or observations concerning the infringement or non-infringement, validity or invalidity, and/or enforceability or unenforceability of the Analog Patents.

9.  The locations, types, and descriptions of documents recording information encompassed by the foregoing topics.

10. The identity and location of persons knowledgeable about the foregoing topics and documents recording information encompassed by the foregoing topics.

## **CERTIFICATE OF SERVICE**

I, Karen Jacobs Louden, hereby certify that on August 31, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell, III
>RICHARDS, LAYTON & FINGER

I also certify that copies were caused to be served on August 31, 2007 upon the following in the manner indicated:

>**BY E-MAIL & HAND DELIVERY**
>Frederick L. Cottrell, III
>Richards, Layton & Finger
>One Rodney Square
>Wilmington, DE  19801
>
>**BY E-MAIL**
>Wayne L. Stoner
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA  02109

>*/s/ Karen Jacobs Louden* (#2881)
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>klouden@mnat.com