IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANALOG DEVICES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim | ) | |
| Defendant, | ) | |
| vs. | ) | Civil Action No. 06-346-GMS |
| LINEAR TECHNOLOGY CORP., | ) | |
| | ) | |
| Defendant/Counterclaim | ) | |
| Plaintiff. | ) | |

**NOTICE OF DEPOSITION OF LTC**
**PURSUANT TO RULE 30(b)(6) REGARDING ANALOG'S PATENTS (LIABILITY)**

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff and Counterclaim-Defendant Analog Devices, Inc. ("Analog"), will take the deposition upon oral examination of Linear Technology Corporation ("LTC"), through one or more of their officers, directors, managing agents, or persons who consent to testify on LTC's behalf with respect to the matters listed on Schedule A attached hereto.

Analog requests that LTC provide written notice at least five (5) business days in advance of the deposition of (1) the name and position of each designee who has consented to testify on its behalf, and (2) the topics in Schedule A as to which each such designee has consented to testify.

The deposition will commence on September 20, 2007 at 9:00 a.m. before a notary public or other officer authorized to administer oaths, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 1117 California Avenue, Palo Alto, California 94304.

The deposition will continue from day-to-day until completed and will be recorded by stenographic and/or videographic means.

You are invited to attend and cross-examine.

*Kelly E. Farnan*

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
*Attorneys for Plaintiff/Counterclaim-Defendant*
*Analog Devices, Inc.*

OF COUNSEL:

Wayne L. Stoner
Wayne M. Kennard
Donald R. Steinberg
Benjamin M. Stern
Amy L. Nash
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000


David L. Cavanaugh
Heath A. Brooks
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000


Dated:  September 7, 2007

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

#### BY HAND DELIVERY:

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on September 7, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

#### BY FEDERAL EXPRESS:

Robert C. Morgan
Laurence S. Rogers
Ropes & Gray, LLP
1251 Avenue of the Americas
New York, NY 10020

Mark D. Rowland
Ropes & Gray, LLP
525 University Avenue
Suite 300
Palo Alto, CA 94301

*Kelly E. Farnan*

Kelly E. Farnan (#4395)

## SCHEDULE A

## DEFINITIONS

1.      Each of the terms "any" and "all," by itself, means any and all.

2.      The connectives "and" and "or" when used herein shall be construed either disjunctively or conjunctively as necessary to make the Request most inclusive.

3.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

4.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.      The term "concern" or "concerning" means relating to, alluding to, referring to, constituting (in whole or in part), describing, discussing, evidencing, mentioning, reflecting, pertaining to, evidencing, involving, depicting, commenting on, embodying, responding to, supporting, contradicting, or regarding, as the context makes appropriate.

6.      The terms "document" and/or "thing" are synonymous in meaning and equal in scope to the usage of these terms in Rule 34(a) of the Federal Rules of Civil Procedure and shall be construed to mean, without limitation, any written, printed, typed, stored, photostated, photographed, recorded, or otherwise reproduced communication, compilation, or reproduction including computer or electronically generated or stored information or data, whether assertedly

privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a separate document within the meaning of this term. As used herein, "thing" also means any tangible item(s), other than a "document" as defined herein, which constitutes or contains matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

7.    The term "Analog" means Plaintiff and Counterclaim-Defendant Analog Devices, Inc., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

8.    The term "Analog Patents" means any of the '909, '326, and '633 patents (as defined below).

9.    The terms "LTC," "you," and "your" refer to Defendant and Counterclaim-Plaintiff Linear Technology Corp. and any predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

10.    The term "LTC Products," unless more specifically defined in a particular Request, means any product or family of products designed, developed, tested, made, used, demonstrated, offered for sale, or sold by LTC, that Analog identifies or has identified in this litigation as infringing or potentially infringing any of the Analog Patents. This definition includes without limitation the following products:  LT1794, LT2202, LT2203, LT2204,

2

LT2205, LT2206, LT2207, LT2208, LT2205-14, LT2206-14, LT2207-14, LT2208-14, LT2220, LT2220-1, LT2221, LT2222, LT2223, LT2224, LT2225, LT2226, LT2227, LT2228, LT2229, LT2230, LT2231, LT2232, LT2233, LT2234, LT2236, LT2237, LT2238, LT2239, LT2245, LT2246, LT2247, LT2248, LT2249, LT2250, LT2251, LT2252, LT2253, LT2254, LT2255, LT2280, LT2281, LT2282, LT2283, LT2284, LT2285, LT2286, LT2287, LT2288, LT2289, LT2290, LT2291, LT2292, LT2293, LT2294, LT2295, LT2296, LT2297, LT2298, LT2299, LT5504, LT5534, LT5537, any other LTC product that is in the same product "family" as any of the aforementioned LTC products, any other LTC product that uses the same "die" as any of the aforementioned LTC products, any other LTC product that is (or includes) an analog-to-digital converter that is both higher than 8 bits and equal to or higher than 10 Msps, any other LTC product that is (or includes) a RF power detector based on a progressive compression logarithmic amplifier core, and any other LTC product that is (or includes) a rail-to-rail output stage with boosted or symmetric base drive.

11.    "License" or "licensee" means and includes each and every license, licensee, sub-license and/or sub-licensee.

12.    The terms "person" or "persons" mean any natural person or any business, legal, or governmental entity or association, and the officers, directors, employees, agents, consultants, and attorneys thereof.

13.    The term "prior art" means all publications, patents, physical devices, prototypes, products, uses, sales, or offers for other activity concerning the subject matter of the Analog Patents or the LTC Patents, or related United States or foreign patents, and existing on, or occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

3

14.    The term "'909 patent" means United States Patent No. 4,929,909 and all continuations, divisionals, reissues and patents in the same patent "family."

15.    The term "'326 patent" means United States Patent No. 6,118,326 and all continuations, divisionals, reissues, and patents in the same patent "family."

16.    The term "'633 patent" means United States Patent No. 6,262,633 and all continuations, divisionals, reissues, and patents in the same patent "family."

17    All legal entities referred to herein include any parent companies, predecessors-in-interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

### Subjects of Examination

1.    The design, development, structure, operation, and use of the LTC Products.

2.    The factual bases for LTC's contention that it has not directly or indirectly infringed and is not directly or indirectly infringing any claim of the Analog Patents.

3.    The factual bases for LTC's contention that any of the asserted claims of the Analog Patents are invalid and/or unenforceable.

4.    LTC's knowledge, notice, and/or consideration of the Analog Patents prior to the commencement of this action.

5.    Communications, whether oral or written, between LTC and any attorney regarding the subject matter of any opinions LTC received relating to the Analog Patents.

6.    The circumstances and persons through which LTC first learned of the Analog Patents.

4

7.    Any communications between LTC and Analog regarding the LTC Products or any of the Analog Patents.

8.    The factual bases for LTC's contention that any infringement by LTC of the Analog Patents has not been willful.

9.    Importation by LTC of the LTC Products into the United States.

10.    Use of the LTC Products by purchasers or users of the LTC Products.

11.    Instructions to purchasers or users of the LTC Products regarding the actual or potential uses, applications, or functions of the LTC Products.

12.    LTC's decisions to develop, manufacture and sell the LTC Products.

13.    Each study, analysis, or opinion, whether written or oral, relating to the patentability, validity, enforceability, or infringement of the Analog Patents.

14.    Analyses, assessments, studies, or projections of the commercial success, and reasons for any such success, of each LTC Product.

15.    Design, development, testing, operation, sale and use of the circuit incorporated into LTC parts designated as model numbers LT1631, LT1632, and LT1633 (and any product in the same or similar product family) that LTC contends invalidates one or more claims of the '633 patent.

16.    The locations, types, and descriptions of documents recording information encompassed by the foregoing topics.

17.    The identity and location of persons knowledgeable about the foregoing topics and documents recording information encompassed by the foregoing topics.

RLF1-3198184-1