IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., ) | |
| ) | |
| Plaintiff/Counterclaim ) | |
| Defendant, ) | |
| ) | Civil Action No. 06-346-GMS |
| vs. ) | |
| ) | |
| LINEAR TECHNOLOGY CORP., ) | |
| ) | |
| Defendant/Counterclaim ) | |
| Plaintiff. ) | |

## NOTICE OF DEPOSITION OF LTC
## PURSUANT TO RULE 30(b)(6) REGARDING ANALOG'S PATENTS (DAMAGES)

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff and Counterclaim-Defendant Analog Devices, Inc. ("Analog"), will take the deposition upon oral examination of Linear Technology Corporation ("LTC"), through one or more of their officers, directors, managing agents, or persons who consent to testify on LTC's behalf with respect to the matters listed on Schedule A attached hereto.

Analog requests that LTC provide written notice at least five (5) business days in advance of the deposition of (1) the name and position of each designee who has consented to testify on its behalf, and (2) the topics in Schedule A as to which each such designee has consented to testify.

The deposition will commence on September 19, 2007 at 9:00 a.m. before a notary public or other officer authorized to administer oaths, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 1117 California Avenue, Palo Alto, California 94304.

The deposition will continue from day-to-day until completed and will be recorded by stenographic and/or videographic means.

You are invited to attend and cross-examine.

OF COUNSEL:

Wayne L. Stoner
Wayne M. Kennard
Donald R. Steinberg
Benjamin M. Stern
Amy L. Nash
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

David L. Cavanaugh
Heath A. Brooks
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000

Dated: September 7, 2007

/s/ Kelly E. Farnan
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
*Attorneys for Plaintiff/Counterclaim-Defendant Analog Devices, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND DELIVERY:**

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on September 7, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS:**

Robert C. Morgan
Laurence S. Rogers
Ropes & Gray, LLP
1251 Avenue of the Americas
New York, NY 10020

Mark D. Rowland
Ropes & Gray, LLP
525 University Avenue
Suite 300
Palo Alto, CA 94301

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3018521-2

## SCHEDULE A

## DEFINITIONS

1.  Each of the terms "any" and "all," by itself, means any and all.

2.  The connectives "and" and "or" when used herein shall be construed either disjunctively or conjunctively as necessary to make the Request most inclusive.

3.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

4.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.  The terms "concern" or "concerning" means relating to, alluding to, referring to, constituting (in whole or in part), describing, discussing, evidencing, mentioning, reflecting, pertaining to, evidencing, involving, depicting, commenting on, embodying, responding to, supporting, contradicting, or regarding, as the context makes appropriate.

6.  The terms "document" and/or "thing" are synonymous in meaning and equal in scope to the usage of these terms in Rule 34(a) of the Federal Rules of Civil Procedure and shall be construed to mean, without limitation, any written, printed, typed, stored, photostated, photographed, recorded, or otherwise reproduced communication, compilation, or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a

separate document within the meaning of this term. As used herein, "thing" also means any tangible item(s), other than a "document" as defined herein, which constitutes or contains matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

7. The term "Analog" means Plaintiff and Counterclaim-Defendant Analog Devices, Inc., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

8. The term "Analog Patents" means any of the '909, '326, and '633 patents (as defined below).

9. The term "Analog Products," unless more specifically defined in a particular Request, means any product or family of products designed, developed, tested, made, used, demonstrated, offered for sale, or sold by Analog, which LTC alleges or believes embodies in whole or in part the subject matter or teachings of any of the LTC Patents (as defined below), or which LTC alleges or believes is covered by any claim of any of the LTC Patents. This definition specifically includes without limitation the following products: ADR390, ADR391, ADR392, ADR395, ADP1147, ADP1148, ADP1149, ADP1823, ADP3020, ADP3025, ADP3026, ADP3051, ADP3088, ADP3153, ADP3154, ADP3155, ADP3156, ADP3157, ADP3158/78, ADP3159/79, ADP3160/67, ADP3160/7, ADP3161, ADP3162, ADP3163, ADP3164, ADP3165, ADP3166, ADP3168, ADP3170, ADP3171, ADP3180, ADP3181, ADP3182, ADP3186, ADP3188, ADP3192, ADP3203, ADP3204, ADP3205, ADP3206, ADP3207, ADP3421, ADP3422, and ADP3806.

10. The terms "LTC," "you," and "your" refer to Defendant and Counterclaim-Plaintiff Linear Technology Corp. and any predecessors, successors, divisions, subsidiaries, or joint ventures

thereof, together with any parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

11. The term "LTC Patents" means any of the '178, '694, '885, '066, '258, '194, '678, and '618 patents (as defined below).

12. The term "LTC Products," unless more specifically defined in a particular Request, means any product or family of products designed, developed, tested, made, used, demonstrated, offered for sale, or sold by LTC, that Analog identifies or has identified in this litigation as infringing or potentially infringing any of the Analog Patents. This definition includes without limitation the following products: LT1794, LT2202, LT2203, LT2204, LT2205, LT2206, LT2207, LT2208, LT2205-14, LT2206-14, LT2207-14, LT2208-14, LT2220, LT2220-1, LT2221, LT2222, LT2223, LT2224, LT2225, LT2226, LT2227, LT2228, LT2229, LT2230, LT2231, LT2232, LT2233, LT2234, LT2236, LT2237, LT2238, LT2239, LT2245, LT2246, LT2247, LT2248, LT2249, LT2250, LT2251, LT2252, LT2253, LT2254, LT2255, LT2280, LT2281, LT2282, LT2283, LT2284, LT2285, LT2286, LT2287, LT2288, LT2289, LT2290, LT2291, LT2292, LT2293, LT2294, LT2295, LT2296, LT2297, LT2298, LT2299, LT5504, LT5534, LT5537, any other LTC product that is in the same product "family" as any of the aforementioned LTC products, any other LTC product that uses the same "die" as any of the aforementioned LTC products, any other LTC product that is (or includes) an analog-to-digital converter that is both higher than 8 bits and equal to or higher than 10 Msps, any other LTC product that is (or includes) a RF power detector based on a progressive compression logarithmic amplifier core, and any other LTC product that is (or includes) a rail-to-rail output stage with boosted or symmetric base drive.

RLF1-3198206-1

13. "LTC Collateral Product" means any product, or family of products, other than the LTC Products, that was designed, developed, tested, made, used, demonstrated, imported, offered for sale, or sold by LTC that (1) has ever been sold at the same time or in the same or related transaction as an LTC Product and (2) either (a) has ever been used by LTC or any other person in the same circuit, board, or component as an LTC Product, or (b) LTC has ever stated or suggested could be or should be used in the same circuit, board, or component as an LTC Product.

14. "License" or "licensee" means and includes each and every license, licensee, sub-license and/or sub-licensee.

15. The terms "person" or "persons" mean any natural person or any business, legal, or governmental entity or association, and the officers, directors, employees, agents, consultants, and attorneys thereof.

16. The term "prior art" means all publications, patents, physical devices, prototypes, products, uses, sales, or offers for other activity concerning the subject matter of the Analog Patents or the LTC Patents, or related United States or foreign patents, and existing on, or occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

17. The term "'909 patent" means United States Patent No. 4,929,909 and all continuations, divisionals, reissues and patents in the same patent "family."

18. The term "'326 patent" means United States Patent No. 6,118,326 and all continuations, divisionals, reissues, and patents in the same patent "family."

19. The term "'633 patent" means United States Patent No. 6,262,633 and all continuations, divisionals, reissues, and patents in the same patent "family."

20. All legal entities referred to herein include any parent companies, predecessors-in-interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

## SUBJECTS OF EXAMINATION

1. Gross and net profit (or operating profit) margin, revenue and unit volume of sales for LTC Products, including forecast and projections thereof and the method of computation of such gross and net profit (or operating profit).

2. The market and customers or potential customers for the LTC Products.

3. Demand for the LTC Products and the features or functions of the devices responsible for that demand.

4. The markets and market segments for the LTC Products, including size and growth of those markets and market segments, the market share of each participant, and forecasts and projections relating thereto.

5. Projected sales for the LTC Products.

6. The dates of first sale, offer for sale, use, or importation of each of the LTC Products in the United States.

7. Customer feedback regarding the LTC Products.

8. Direct and indirect costs relating to the manufacture and sale by LTC of the LTC Products, including the accounting treatment and allocation of any such direct and indirect costs.

9. Products that LTC alleges to be available and acceptable non-infringing substitutes for the inventions of the Analog Patents.

10. LTC's costs of production for, and the pricing of, the LTC Products.

11. The marketing or advertising of the LTC Products.

12. Specific attempts or plans by LTC to design around the Analog Patents.

5

13. LTC's licenses, joint development agreements, settlement agreements, technology exchange agreements and other agreements (collectively, "Agreements") relating to patents covering or technology used in the LTC Products.

14. Negotiations and attempted negotiations relating to the Agreements, whether or not an Agreement was ultimately executed, including but not limited to communications to or from Analog or any person relating to patents covering or technology used in the LTC Products.

15. LTC's patent licensing policies, practices, and procedures.

16. LTC's marketing and advertising of the LTC Collateral Products.

17. Sales of the LTC Collateral Products made at the same time, or in the same related transaction, as the LTC Products, and the frequency thereof.

18. How the LTC Collateral Products are used or function with the LTC Products.

19. Specific attempts or plans by Analog to design around the LTC Patents.

20. The locations, types, and descriptions of documents recording information encompassed by the foregoing topics.

21. The identity and location of persons knowledgeable about the foregoing topics and documents recording information encompassed by the foregoing topics.