IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., <br><br>    Plaintiff/Counterclaim Defendant, <br><br>vs. <br><br>LINEAR TECHNOLOGY CORP., <br><br>    Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) )    C. A. No. 1:06-346-GMS |

**NOTICE OF DEPOSITION OF LTC
PURSUANT TO RULE 30(b)(6) REGARDING LTC'S PATENTS (DAMAGES)**

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff and Counterclaim-Defendant Analog Devices, Inc. ("Analog"), will take the deposition upon oral examination of Linear Technology Corporation ("LTC"), through one or more of their officers, directors, managing agents, or persons who consent to testify on LTC's behalf with respect to the matters listed on Schedule A attached hereto.

Analog requests that LTC provide written notice at least five (5) business days in advance of the deposition of (1) the name and position of each designee who has consented to testify on its behalf, and (2) the topics in Schedule A as to which each such designee has consented to testify.

The deposition will commence on September 19, 2007 at 9:00 a.m. before a notary public or other officer authorized to administer oaths, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 1117 California Avenue, Palo Alto, California 94304.

The deposition will continue from day-to-day until completed and will be recorded by stenographic and/or videographic means.

RLF1-3198529-1

You are invited to attend and cross-examine.

Of Counsel:

Wayne L. Stoner
Wayne M. Kennard
Donald R. Steinberg
Benjamin M. Stern
Amy L. Nash
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

David L. Cavanaugh
Heath A. Brooks
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

Dated: September 7, 2007

*Kelly E. Farnan* (signature)
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Tel: (302) 651-7700
Fax: (302) 651-7701

*Attorneys for Plaintiff and Counterclaim Defendant Analog Devices, Inc.*

## SCHEDULE A

## DEFINITIONS

1. Each of the terms "any" and "all," by itself, means any and all.

2. The connectives "and" and "or" when used herein shall be construed either disjunctively or conjunctively as necessary to make the Request most inclusive.

3. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

4. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. The terms "concern" or "concerning" means relating to, alluding to, referring to, constituting (in whole or in part), describing, discussing, evidencing, mentioning, reflecting, pertaining to, evidencing, involving, depicting, commenting on, embodying, responding to, supporting, contradicting, or regarding, as the context makes appropriate.

6. The terms "document" and/or "thing" are synonymous in meaning and equal in scope to the usage of these terms in Rule 34(a) of the Federal Rules of Civil Procedure and shall be construed to mean, without limitation, any written, printed, typed, stored, photostated, photographed, recorded, or otherwise reproduced communication, compilation, or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a

separate document within the meaning of this term. As used herein, "thing" also means any tangible item(s), other than a "document" as defined herein, which constitutes or contains matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

7. The term "Analog" means Plaintiff and Counterclaim-Defendant Analog Devices, Inc., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

8. The terms "LTC," "you," and "your" refer to Defendant and Counterclaim-Plaintiff Linear Technology Corp. and any predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

9. The term "LTC Patents" means any of the '178, '694, '885, '066, '258, '194, '678, and '618 patents (as defined below).

10. "License" or "licensee" means and includes each and every license, licensee, sub-license and/or sub-licensee.

11. The terms "person" or "persons" mean any natural person or any business, legal, or governmental entity or association, and the officers, directors, employees, agents, consultants, and attorneys thereof.

12. The term "prior art" means all publications, patents, physical devices, prototypes, products, uses, sales, or offers for other activity concerning the subject matter of the Analog Patents or

the LTC Patents, or related United States or foreign patents, and existing on, or occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

13. The term "'178 patent" means United States Patent No. 5,481,178 and all continuations, divisionals, reissues, and patents in the same patent "family."

14. The term "'694 patent" means United States Patent No. 5,731,694 and all continuations, divisionals, reissues, and patents in the same patent "family."

15. The term "'885 patent" means United States Patent No. 5,994,885 and all continuations, divisionals, reissues, and patents in the same patent "family."

16. The term "'066 patent" means United States Patent No. 6,304,066 and all continuations, divisionals, reissues, and patents in the same patent "family."

17. The term "'258 patent" means United States Patent No. 6,580,258 and all continuations, divisionals, reissues, and patents in the same patent "family."

18. The term "'194 patent" means United States Patent No. 6,144,194 and all continuations, divisionals, reissues, and patents in the same patent "family."

19. The term "'678 patent" means United States Patent No. 6,100,678 and all continuations, divisionals, reissues, and patents in the same patent "family."

20. The term "'618 patent" means United States Patent No. 5,212,618 and all continuations, divisionals, reissues, and patents in the same patent "family."

21. All legal entities referred to herein include any parent companies, predecessors-in-interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

## SUBJECTS OF EXAMINATION

1. Facts and circumstances concerning LTC's first awareness of the Analog Products, including but not limited to the persons who first became aware of the Analog Products, how they became aware of the Analog Products, and what they did in response.

2. Any notice given to Analog regarding alleged infringement of any of the LTC Patents prior to the filing of the complaint in this action.

3. All notice letters, threats or cross-licensing offers that LTC sent to or received from third parties relating to any of the LTC Patents.

4. LTC's marketing and sales of products it claims are covered by any of the LTC Patents.

5. The date that each of LTC's products covered by any of the LTC Patents was first sold or offered for sale and when such sales or offers occurred in the United States.

6. The harm (monetary or otherwise) that LTC claims it has suffered as a result of Analog's alleged infringement of any of the LTC Patents.

7. The factual basis for any claim of damages, including, but not limited to, any claim for lost profits, reasonable royalties, price erosion or any other claim LTC intends to make, for the alleged infringement of any of the LTC Patents by Analog in this litigation.

8. All persons LTC alleges infringe any claim of the LTC Patents.

9. The identification and details of all prior litigations relating to any of the LTC Patents, including LTC's allegations in such litigations.

10. All communications with third parties concerning this litigation.

11. Any sales of any LTC product that LTC contends that it has lost as a result of Analog's alleged infringement.

12. Any reduction in prices that LTC has charged for any LTC product allegedly as a result of Analog's alleged infringement.

13. LTC's actual and projected gross and net profit (or operating profit) margin, revenue and unit volume of sales of products covered by the LTC Patents and the method of computation of such actual and projected gross and net profit (or operating profit) for each product made, used, distributed, licensed, or sold by LTC that is covered by any of the LTC Patents. This subject includes, but is not limited to, all annual reports, profit allocations, LTC competitive product line profit and loss statements for all LTC products allegedly covered by any of the claims of the LTC Patents, and/or profit allocations to principals and/or shareholders, from the date of commercial introduction of each such LTC product to the present, revenue and cost items considered in calculating such profits, including but not limited to LTC's overhead and variable costs, such as personnel, facilities, and all other fixed overhead costs, as well as all variable costs.

14. Direct and indirect costs relating to the manufacture and sale by LTC of its products covered by any of the LTC Patents, including the accounting treatment and allocation of any such direct or indirect costs.

15. LTC's sales of products LTC claims are covered by any of the LTC patents, including but not limited to a description of LTC's sales force (LTC employees as well as external representatives), its duties and responsibilities, how LTC's sales are made, and the policies, procedures and contract terms under which LTC's sales are made.

16. For each sale of a product LTC claims is covered by the LTC Patents, the identity of the customer, the location of the customer, the date of the sale, the terms of the contract, LTC's actual and projected revenues (gross and net) derived therefrom, LTC's actual and projected cost of goods sold, LTC's profit (gross and net) derived therefrom, gross margin, and LTC's actual and projected overhead expenses in connection therewith, and LTC's methods of determining the same.

17. For each instance in which LTC submitted a proposal or bid for the sale of any product LTC claims is covered by the LTC Patents, the identity of the customer, the location of the customer, the scope and content of the bid or proposal, the identity of any competing bidders, any evaluation performed by LTC of the competing bids or proposals, the identity of the person(s) responsible for the LTC bid or proposal (including whether LTC was awarded the bid or proposal, and if not, LTC's understanding of the reason the bid or proposal was awarded elsewhere).

18. Markets for the products LTC claims are covered by any of the LTC Patents or which compete with such products, and the shares of any such markets, if any, served by LTC, Analog, and others (chronologically, geographically, and otherwise).

19. Market research or analyses prepared, received, or used by LTC concerning the market for the products LTC claims are covered by any of the LTC Patents or which compete with such products, including but not limited to research relating to marketing strategies, market size, market share, individual customers, customer needs and preferences, pricing strategies and competitor analyses, the relative importance of price, quality, reliability, specific product features, product performance and product service and support, and the ways in which LTC has used such market research or analyses in its business.

20. LTC's estimates or projections of the future growth of the market(s) in which LTC competes or has competed with the Analog Products, and its method for determining such estimates or projections.

21. Comparisons of products LTC claims are covered by the LTC Patents with any other products.

22. Customer feedback regarding the products LTC claims are covered by the LTC Patents, including all instances where such products failed to meet customer specifications or requirements and the actions taken by LTC and LTC's customers concerning such complaints.

23. The capacity and ability of LTC and/or its licensees to manufacture products LTC claims are covered by any of the LTC Patents (including any delays in supplying customers with new or replacement products).

24. LTC's manufacturing and marketing capability to exploit demand for Analog's allegedly infringing products.

25. LTC's patent licensing practices, including LTC's policies and procedures regarding patent licenses.

26. Any attempt by LTC to license or to obtain a license to any product or device covered by or related to the subject matter of any of the LTC Patents, including all communications relating thereto.

27. All offers or inquiries regarding licenses under any of the LTC Patents or under any other LTC patent(s) or intellectual property rights to third parties, including, but not limited to, licenses, and all communications and negotiations related to such licenses.

28. All settlements, settlement agreements, and agreements not to sue any third party relating to any of the LTC Patents.

29. All discussions with any manufacturer or supplier of any product or equipment relating to the actual or potential infringement of products LTC claims are covered by any of the LTC Patents.

30. LTC's pricing of products it claims are covered by the LTC Patents, LTC's method for setting prices for each such product and the information used to set such prices, and each of LTC's reductions or other adjustments in the prices of its products and the reasons for each such price reduction or adjustment. This subject includes, but is not limited to, all price lists, marketing reports, sales projections, competitive analyses, decisions made based upon competitor pricing, and any other reports associated with LTC's pricing practices.

31.   Competition in the marketplace for sales of Analog's allegedly infringing products, including the identity and market share of each market participant, and LTC's method for determining such market share.

32.   LTC's competitive product business plans and marketing strategies from the date of commercial introduction of each LTC product that it claims is covered by any of the LTC Patents, or product which LTC contends competes with any such product, to the present, including, but not limited to, manufacturing plans, manufacturing or OEM capacity, distribution channels, marketing reports, customer reports, and sales reports.

33.   LTC's identification of all products it believes to compete with any of the products that LTC claims are covered by the any of the LTC Patents from the date of commercial introduction of each such product to the present, including which of those competing products LTC believes infringe any claim of the LTC Patents.

34.   For each LTC product LTC believes is covered by any of the LTC Patents, identification of the percentage of effort, development and skill required to make the whole product and the percentage of effort, development and skill required to make the portion of the product incorporating the claimed invention of the LTC Patents.

35.   Demand for LTC's products it claims are covered by any of the LTC Patents and the features or functions of the products responsible for that demand.

36.   Any markings or written disclosure giving notice of patent rights accompanying any product LTC claims is covered by any of the LTC Patents, including (a) an identification of the specific patents purportedly embodied in each such product, and (b) a description of the time frame in which such patent marking or other written disclosures have been employed.

37.   Products that LTC alleges to be available and acceptable non-infringing substitutes for the alleged inventions of the LTC Patents.

38. The amount of time LTC spent and costs incurred in developing the claimed invention in any of the LTC Patents.

39. The advantages of the alleged inventions in any of the LTC Patents as compared to prior methods or products.

40. The factual basis for any claim of commercial success or long felt need for any LTC product LTC claims is covered by any of the LTC patents.

41. The locations, types, and descriptions of documents recording information encompassed by the foregoing topics.

42. The identity and location of persons knowledgeable about the foregoing topics and documents recording information encompassed by the foregoing topics.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND DELIVERY:**

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on September 7, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS:**

Robert C. Morgan
Laurence S. Rogers
Ropes & Gray, LLP
1251 Avenue of the Americas
New York, NY 10020

Mark D. Rowland
Ropes & Gray, LLP
525 University Avenue
Suite 300
Palo Alto, CA 94301

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3018521-2