IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> vs. <br><br> LINEAR TECHNOLOGY CORP., <br><br> Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) C. A. No. 1:06-346-GMS ) ) ) ) ) ) ) |

**NOTICE OF DEPOSITION OF LTC
PURSUANT TO RULE 30(b)(6) REGARDING LTC'S PATENTS (LIABILITY)**

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff and Counterclaim-Defendant Analog Devices, Inc. ("Analog"), will take the deposition upon oral examination of Linear Technology Corporation ("LTC"), through one or more of their officers, directors, managing agents, or persons who consent to testify on LTC's behalf with respect to the matters listed on Schedule A attached hereto.

Analog requests that LTC provide written notice at least five (5) business days in advance of the deposition of (1) the name and position of each designee who has consented to testify on its behalf, and (2) the subjects in Schedule A as to which each such designee has consented to testify.

The deposition will commence on September 20, 2007 at 9:00 a.m. before a notary public or other officer authorized to administer oaths, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 1117 California Avenue, Palo Alto, California 94304.

The deposition will continue from day-to-day until completed and will be recorded by stenographic and/or videographic means.

RLF1-3198515-1

You are invited to attend and cross-examine.

*/s/ Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Tel: (302) 651-7700
Fax: (302) 651-7701

*Attorneys for Plaintiff and Counterclaim Defendant Analog Devices, Inc.*

Of Counsel:

Wayne L. Stoner
Wayne M. Kennard
Donald R. Steinberg
Benjamin M. Stern
Amy L. Nash
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

David L. Cavanaugh
Heath A. Brooks
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

Dated: September 7, 2007

## Schedule A

## DEFINITIONS

1. Each of the terms "any" and "all," by itself, means any and all.

2. The connectives "and" and "or" when used herein shall be construed either disjunctively or conjunctively as necessary to make the Request most inclusive.

3. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

4. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. The term "concern" or "concerning" means relating to, alluding to, referring to, constituting (in whole or in part), describing, discussing, evidencing, mentioning, reflecting, pertaining to, evidencing, involving, depicting, commenting on, embodying, responding to, supporting, contradicting, or regarding, as the context makes appropriate.

6. The terms "document" and/or "thing" are synonymous in meaning and equal in scope to the usage of these terms in Rule 34(a) of the Federal Rules of Civil Procedure and shall be construed to mean, without limitation, any written, printed, typed, stored, photostated, photographed, recorded, or otherwise reproduced communication, compilation, or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a

separate document within the meaning of this term. As used herein, "thing" also means any tangible item(s), other than a "document" as defined herein, which constitutes or contains matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

7. The term "Analog" means Plaintiff and Counterclaim-Defendant Analog Devices, Inc., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

8. The term "Analog Products," unless more specifically defined in a particular Request, means any product or family of products designed, developed, tested, made, used, demonstrated, offered for sale, or sold by Analog, which LTC alleges or believes embodies in whole or in part the subject matter or teachings of any of the LTC Patents (as defined below), or which LTC alleges or believes is covered by any claim of any of the LTC Patents. This definition specifically includes without limitation the following products: ADR390, ADR391, ADR392, ADR395, ADP1147, ADP1148, ADP1149, ADP1823, ADP3020, ADP3025, ADP3026, ADP3051, ADP3088, ADP3153, ADP3154, ADP3155, ADP3156, ADP3157, ADP3158/78, ADP3159/79, ADP3160/67, ADP3160/7, ADP3161, ADP3162, ADP3163, ADP3164, ADP3165, ADP3166, ADP3168, ADP3170, ADP3171, ADP3180, ADP3181, ADP3182, ADP3186, ADP3188, ADP3192, ADP3203, ADP3204, ADP3205, ADP3206, ADP3207, ADP3421, ADP3422, and ADP3806.

9. The terms "LTC," "you," and "your" refer to Defendant and Counterclaim-Plaintiff Linear Technology Corp. and any predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4

10. The term "LTC Patents" means any of the '178, '694, '885, '066, '258, '194, '678, and '618 patents (as defined below).

11. "License" or "licensee" means and includes each and every license, licensee, sub-license and/or sub-licensee.

12. The terms "person" or "persons" mean any natural person or any business, legal, or governmental entity or association, and the officers, directors, employees, agents, consultants, and attorneys thereof.

13. The term "prior art" means all publications, patents, physical devices, prototypes, products, uses, sales, or offers for other activity concerning the subject matter of the LTC Patents, or related United States or foreign patents, and existing on, or occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

14. The term "'178 patent" means United States Patent No. 5,481,178 and all continuations, divisionals, reissues, and patents in the same patent "family."

15. The term "'694 patent" means United States Patent No. 5,731,694 and all continuations, divisionals, reissues, and patents in the same patent "family."

16. The term "'885 patent" means United States Patent No. 5,994,885 and all continuations, divisionals, reissues, and patents in the same patent "family."

17. The term "'066 patent" means United States Patent No. 6,304,066 and all continuations, divisionals, reissues, and patents in the same patent "family."

18. The term "'258 patent" means United States Patent No. 6,580,258 and all continuations, divisionals, reissues, and patents in the same patent "family."

19. The term "'194 patent" means United States Patent No. 6,144,194 and all continuations, divisionals, reissues, and patents in the same patent "family."

20. The term "'678 patent" means United States Patent No. 6,100,678 and all continuations, divisionals, reissues, and patents in the same patent "family."

21. The term "'618 patent" means United States Patent No. 5,212,618 and all continuations, divisionals, reissues, and patents in the same patent "family."

22. All legal entities referred to herein include any parent companies, predecessors-in-interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

## SUBJECTS OF EXAMINATION

1. The ways in which LTC alleges that the inventions claimed in the LTC Patents differ from or are improvements over the prior art.

2. Studies, investigations, reviews, analyses or reports regarding any Analog Product.

3. The identity of any Analog Product that LTC alleges infringes the LTC Patents, either directly or indirectly, and the facts and circumstances supporting LTC's allegations of infringement.

4. Separately for each of the LTC Patents, the time at which and the circumstances by which LTC first became aware of Analog's alleged infringement.

5. Separately for each of the LTC Patents, the factual basis for any claim of willful infringement LTC intends to make for Analog's alleged infringement.

6. The conception, reduction to practice (actual or constructive), diligence towards reduction to practice, first written description, first drawing or sketch, and the development or testing of the subject matter of each of the LTC Patents.

6

7. Facts and circumstances concerning any tests or analyses, including reverse engineering, conducted by any person or entity acting on behalf of LTC on any of the Analog Products.

8. Any analysis, opinion, inquiry or discussion regarding potential infringement of the inventions claimed in the LTC Patents, including, but not limited to pre-litigation investigations performed by or on behalf of LTC related to the alleged infringement by Analog or any other third party.

9. Any written or oral opinions, evaluations, searches, studies, investigations, analyses, reviews, reports, or observations concerning the infringement or non-infringement, validity or invalidity, and/or enforceability or unenforceability of each of the LTC Patents.

10. The drafting, preparation, and prosecution of the applications for the LTC Patents, including, but not limited to, the prosecution of all applications in the chain leading to the issuance of the LTC Patents, the decision(s) to prosecute these applications, and the identification of the people involved in the decision(s).

11. LTC's communications with any of the named inventors on the LTC Patents or any attorney involved in the prosecution of the applications for the LTC Patents, including but not limited to all applications in the chain leading to the issuance of each of the LTC Patents.

12. LTC's communications with the United States Patent and Trademark Office regarding the prosecution of the applications for the LTC Patents, including, but not limited to the prosecution of all applications in the chain leading to the issuance of each of the LTC Patents.

13. The priority date for purposes of 35 U.S.C. §§ 102(a) and (b) for each asserted claim of each of the LTC Patents patents, including all facts and circumstances upon which LTC relies to establish the priority date(s).

14. The prosecution of any U.S. or foreign patents or patent applications, whether issued, pending, or abandoned, that claim priority to each of the LTC Patents.

7

15. Any challenges to the validity, enforceability or infringement of each of the alleged inventions claimed in each of the LTC Patents including, but not limited to, any assertion by any person that any of the LTC Patents is invalid for lack of enablement, failure to disclose the best mode, or failure to provide an adequate written description.

16. Any analysis, opinion, or inquiry regarding abandonment or estoppel of each of the LTC Patents.

17. The factual basis for any claim of non-obviousness of the inventions claimed in each of the LTC Patents including, but not limited to, contentions of commercial success of the invention and/or products embodying the inventions, long-felt but unresolved needs met by those products and/or the inventions, failure of others to meet those needs, the scope of licensing of each of the LTC Patents, industry recognition of the invention and/or products embodying the inventions, and deliberate copying of the inventions or laudatory statements by accused infringers.

18. Any proceedings relating to each of the LTC Patents including, without limitation, litigation, dispute resolutions, contested proceedings, interferences, requests for reexamination, reexaminations, reissues, oppositions, and charges of infringement.

19. Any markings or written disclosure giving notice of patent rights accompanying any LTC product that LTC claims is covered by any of the LTC Patents, including (a) an identification of the specific patents purportedly embodied in each such Product, Process, or Instrumentality, and (b) a description of the time frame in which such patent marking or other written disclosures have been employed.

20. All prior art searches performed by or on behalf of LTC concerning the subject matter of each of the LTC Patents, and the prior art or potential prior art found.

21. All prior art concerning the subject matter of each of the LTC Patents of which LTC is aware.

22. Any use, disclosure (confidential and non-confidential) to others, sale, first importation, or offer for sale of any product that LTC claims embodies the alleged inventions of:

   a) the '194 Patent in the United States prior to July 13, 1997;

   b) the '618 Patent in the United States prior to May 3, 1989;

   c) the '678 Patent in the United States prior to August 26, 1998;

   d) the '178 Patent in the United States prior to March 23, 1992;

   e) the '694 Patent in the United States prior to February 13, 1996;

   f) the '885 Patent in the United States prior to November 25, 1996;

   g) the '066 Patent in the United States prior to September 14, 1998;

   h) the '258 Patent in the United States prior to October 15, 2000;

23. All products from any third party that LTC believes or has considered to be infringing each of the LTC Patents.

24. All communications with third parties concerning this litigation.

25. The locations, types, and descriptions of documents recording information encompassed by the foregoing subjects.

26. The identity and location of persons knowledgeable about the foregoing topics and documents recording information encompassed by the foregoing topics.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND DELIVERY:**

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on September 7, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS:**

Robert C. Morgan
Laurence S. Rogers
Ropes & Gray, LLP
1251 Avenue of the Americas
New York, NY 10020

Mark D. Rowland
Ropes & Gray, LLP
525 University Avenue
Suite 300
Palo Alto, CA 94301

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3018521-2