IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC. </br></br>Plaintiffs/Counterclaim Defendant, </br></br>v. </br></br>LINEAR TECHNOLOGY CORP., </br></br>Defendant/Counterclaim Plaintiff. | Civil Action No. 1:06-346-GMS |

## NOTICE OF REQUEST FOR PRODUCTION OF DOCUMENTS AND APPEARANCE FOR DEPOSITION

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Analog Devices, Inc. ("Analog") requests that Maxim Integrated Technologies, Inc. ("Maxim") produce for inspection and/or copying the documents and things described in Exhibit A, attached hereto, on or before September 24, 2007, at the offices of Balick & Balick, 711 King Street, Wilmington, Delaware 19801.

Pursuant to Rules 30(a), 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Plaintiff-Counterclaim Defendant Analog will also take the deposition upon oral examination of Maxim at 9:00 a.m. on September 28, 2007, at the offices of Balick & Balick, 711 King Street, Wilmington, Delaware 19801, or at such other time and place as may be mutually agreed to by counsel for the parties. The examination will take place before a notary public or other person authorized by law to administer oaths and will be recorded by stenographic and/or sound-and-video means. Testimony shall continue from day to day until completed. You are invited to attend and cross-examine.

1

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Maxim is advised of its duty to designate one or more of its officers, directors or other persons to testify on its behalf with respect to the matters known or reasonably available to the deponent and referred to in the Schedule of Topics attached hereto as Exhibit B. The Definitions are set forth in Exhibit A.

Respectfully Submitted,

Adam Balick, Esquire (#2718)
James E. Drnec, Esquire (#3789)
BALICK & BALICK LLC
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Plaintiff

Of Counsel:

Wayne L. Stoner
Wayne M. Kennard
Donald R. Steinberg
Benjamin M. Stern
Amy L. Nash
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

David L. Cavanaugh
Heath A. Brooks
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D. C. 20006
Tel: (202) 663-6000

Fax: (202) 663-6363

Dated: September 10, 2007

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1. Each of the terms "any" and "all," by itself, means any and all.

2. The connectives "and" and "or" when used herein shall be construed either disjunctively or conjunctively as necessary to make the Request most inclusive.

3. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

4. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. "Concern" or "concerning" means relating to, alluding to, referring to, constituting (in whole or in part), describing, discussing, evidencing, mentioning, reflecting, pertaining to, evidencing, involving, depicting, commenting on, embodying, responding to, supporting, contradicting, or regarding, as the context makes appropriate.

6. The terms "document" and/or "thing" are synonymous in meaning and equal in scope to the usage of these terms in Rule 34(a) of the Federal Rules of Civil Procedure and shall be construed to mean, without limitation, any written, printed, typed, stored, photostated, photographed, recorded, or otherwise reproduced communication, compilation, or reproduction including computer or electronically generated or stored information or data, whether assertedly

4

privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a separate document within the meaning of this term. As used herein, "thing" also means any tangible item(s), other than a "document" as defined herein, which constitutes or contains matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

7.      The term "Maxim," refers to Maxim Integrated Technologies, Inc. and each of its present or former parent, subsidiary, affiliated or controlled companies or joint ventures, their respective directors, officers, employees, agents, attorneys, accountants and any other person who acted on or purported to act on their or any of their behalf.

8.      The term "Analog" means Plaintiff and Counterclaim-Defendant Analog Devices, Inc., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

9.      The terms "LTC," refers to Defendant and Counterclaim-Plaintiff Linear Technology Corp. and any predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

10.     The terms "person" or "persons" mean any natural person or any business, legal, or governmental entity or association, and the officers, directors, employees, agents, consultants, and attorneys thereof.

11. The term "'678 patent" means United States Patent No. 6,100,678 and all continuations, divisionals, reissues, and patents in the same patent "family."

12. The term "'178 patent" means United States Patent No. 5,481,178 and all continuations, divisionals, reissues, and patents in the same patent "family."

13. The term "'694 patent" means United States Patent No. 5,731,694 and all continuations, divisionals, reissues, and patents in the same patent "family."

14. The term "'885 patent" means United States Patent No. 5,994,885 and all continuations, divisionals, reissues, and patents in the same patent "family."

15. The term "'066 patent" means United States Patent No. 6,304,066 and all continuations, divisionals, reissues, and patents in the same patent "family."

16. The term "'258 patent" means United States Patent No. 6,580,258 and all continuations, divisionals, reissues, and patents in the same patent "family."

17. The term "Wilcox patents" refers to the '178, '694, '885, '066, and '258 patents.

18. The term "prior art" means all publications, patents, physical devices, prototypes, products, uses, sales, or offers for other activity concerning the subject matter of any patent listed above, or any related United States or foreign patents, and existing on, or occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

19. "Max1630" refers to the Max1630-1635, Multi-Output, Low-Noise Power-Supply Controllers for Notebook Computers.

20. The term "Max782" refers to "Max782 / Max786 Notebook Computer Power Supplies," which is described in Maxim's Advance Information Data Sheet, dated February 1993.

21. All legal entities referred to herein include any parent companies, predecessors-in-interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers

22. If Maxim believes that any of the following requests calls for an assertion of a claim of privilege, Maxim is required to prepare a list of withheld documents ("privilege log") listing the following information for each document or part thereof on such a basis:

    (i) The title or general subject matter of each document;

    (ii) The type of document (e.g., letter, memorandum, note, report);

    (iii) The date of the document;

    (iv) The name of the author of the document;

    (v) The person(s) for whom the document was prepared, to whom it was sent, or who received copies;

    (vi) The nature and the basis for the claim of privilege; and

    (vii) Sufficient additional information about the document as is necessary to justify the assertion of the privilege.

23. If Maxim is aware that a document or thing, or group of documents or things, once existed but has been destroyed or discarded, Maxim is requested to state the type of document or thing or group of documents or things, the date it was created, when it was destroyed or discarded, and the identity of persons having knowledge of the contents of the document or thing, or group of documents and things.

24.    LTC and Analog have agreed that documents and information disclosed in this action will be subject to a Protective Order, attached hereto as Exhibit C. Pursuant to this Protective Order, non-parties will be allowed to restrict access to confidential documents and information.

## DOCUMENT REQUESTS

1.All documents or things generated before August 26, 1998 concerning the research, design, development, reduction to practice, structure, operation, or performance of the Max1630, including without limitation engineering notebooks, laboratory reports, test protocols and results, beta testing, flowcharts, technical specifications, design requirements, inventor workbooks or notebooks, inventor files, internal memoranda, correspondence, articles, or other publications.

2.All documents or things generated before October 15, 2000 concerning the research, design, development, reduction to practice, structure, operation, or performance of the Max782, including without limitation engineering notebooks, laboratory reports, test protocols and results, beta testing, flowcharts, technical specifications, design requirements, inventor workbooks or notebooks, inventor files, internal memoranda, correspondence, articles, or other publications.

3.Documents sufficient to show the structure and operation of the Max1630 that were generated before August 26, 1998.

4.Documents sufficient to show the structure and operation of the Max782 that were generated before October 15, 2000.

5.All documents or things concerning any communications between Maxim and LTC regarding the Max1630.

6.All documents or things concerning any communications between Maxim and LTC regarding the Max782.

7. Documents sufficient to describe the testing, operation, sale and use of the Max1630 prior to August 26, 1998.

8. Documents sufficient to describe the testing, operation, sale and use of the Max782 prior to October 15, 2000.

9. All documents or things concerning any prior art to the '678 patent.

10. All documents or things concerning any prior art to the Wilcox patents.

11. All documents sufficient to describe the first use (confidential or non-confidential), demonstration, disclosure or sale of the Max1630.

12. All documents sufficient to describe the first use (confidential or non-confidential), demonstration, disclosure or sale of the Max782.

13. All documents generated before August 29, 1998 relating to the marketing of the Max1630.

14. All documents generated before October 15, 2000 relating to the marketing of the Max782.

15. All documents generated before August 29, 1998 relating to the development or testing of the Max1630.

16. All documents generated before October 15, 2000 relating to the development or testing of the Max782.

17. All objective specifications relating to the Max1630, whether in the manner of draft or completed revisions, generated before August 29, 1998.

18. All objective specifications relating to the Max782, whether in the manner of draft or completed revisions, generated before October 15, 2000.

19. All internal written communications relating to the Max1630, including, but not limited to memoranda and emails, generated before August 29, 1998.

20. All internal written communications relating to the Max782, including, but not limited to memoranda and emails, generated before October 15, 2000.

21. All data sheets generated before August 29, 1998, relating to the Max1630.

22. All data sheets generated before October 15, 2000, relating to the Max782.

23. All documents made available to actual or potential customers before August 29, 1998, relating to the Max1630.

24. All documents made available to actual or potential customers before October 15, 2000, relating to the Max782.

25. All documents that Maxim produced in connection with the civil action entitled *Linear Technology Corporation v. Monolithic Power Systems, Inc.*, C.A. No. 06-476 (GMS). This includes, without limitation, any subpoena served by Monolithic Power Systems, Inc.

26. All documents that Maxim produced in connection the investigation by the United States International Trade Commission ("USITC") entitled *In the Matter of Certain Voltage Regulators, Components Thereof and Products Containing Same*. This includes without

limitation any subpoena served by Advanced Analogic Technologies, Inc. or any other party to that USITC investigation.

## EXHIBIT B

## SCHEDULE OF TOPICS

Witnesses with knowledge, of

    1.    All facts concerning the subject matter contained in the documents requested in the Schedule of Documents, attached hereto as Exhibit A.

    2.    All facts concerning the collection of documents requested in the Schedule of Documents, attached hereto as Exhibit A, including identification of the custodian(s) of the documents, location(s) of the documents, the action(s) taken by Maxim to identify and collect the documents and any document retention policies used by Maxim.

    3.    All facts concerning the authenticity of the documents requested in the Schedule of Documents, attached hereto as Exhibit A.

US1DOCS 6341243v1