IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANALOG DEVICES, INC.                          )
    Plaintiff/Counterclaim Defendant,          )
                           )       Civil Action No. 06-346-GMS
    v.                                        )
                           )
LINEAR TECHNOLOGY CORP.,                       )
    Defendant/Counterclaim Plaintiff.          )

## PLAINTIFF'S NOTICE OF SUBPOENA TO ALAN E. BROWN

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Plaintiff

Analog Devices, Inc. has requested that Alan E. Brown produce the documents requested in

Exhibit A of the attached Subpoena (Exhibit 1 hereto) on September 28, 2007 at Brown

McCarroll, LLP, 111 Congress, Suite 1400, Austin, TX

PLEASE TAKE FURTHER NOTICE that, in accordance with the Subpoena attached as

Exhibit 1, Analog Devices, Inc. will take the deposition of Alan E. Brown on the topics listed as

Exhibit B to the Subpoena on September 28, 2007 at 9:00 a.m. at Brown McCarroll, LLP, 111

Congress, Suite 1400, Austin, TX

OF COUNSEL:
Wayne L. Stoner
Wayne M. Kennard
Donald R. Steinberg
Benjamin M. Stern
Amy L. Nash
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

David L. Cavanaugh
Heath A. Brooks
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

Dated: September 19, 2007

*Kelly E. Farnan*

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

*Attorneys for Plaintiff and Counterclaim*
*Defendant Analog Devices, Inc.*

RLF1-3202573-1

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND DELIVERY:

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

I hereby certify that on September 19, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS:

Robert C. Morgan
Laurence S. Rogers
Ropes & Gray, LLP
1251 Avenue of the Americas
New York, NY 10020

Mark D. Rowland
Ropes & Gray, LLP
525 University Avenue
Suite 300
Palo Alto, CA 94301

Kelly E. Farnan (#4395)

RLF1-3018521-2

# EXHIBIT 1

~AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN _____ DISTRICT OF _____ TEXAS

ANALOG DEVICES, INC. (Plaintiffs)

V.

LINEAR TECHNOLOGY CORP. (Defendant)

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Pending in DE: 1:06-346-GMS

TO: Alan E. Brown
20125 Westlake Pkwy.
Georgetown, TX 78628-9512

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Brown McCarroll, LLP<br>111 Congress, Suite 1400, Austin, Texas | DATE AND TIME<br>9/28/2007 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto. Also see Exhibit B, which is the Protective Order entered in this case.

| PLACE   Brown McCarroll, LLP<br>111 Congress, Suite 1400, Austin, Texas | DATE AND TIME<br>9/28/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   (Attorney for Plaintiff) | DATE   9/10/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Albert Carrion, Brown McCarroll, LLP,
111 Congress, Suite 1400, Austin, Texas 78701 (512) 472-5456

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | SEPT. 15, 2007 | 20125 WESTLAKE PKWY. GEORGETOWN, TX. 78626 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ALAN E. BROWN | PERSONAL HAND DELIVERY |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| RICH HABECKER | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   9-15-07
                 DATE

SIGNATURE OF SERVER

5/6 W. ANNIE
ADDRESS OF SERVER

AUSTIN, TX. 78704

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ANALOG DEVICES, INC., | ) ) ) | |
| Plaintiffs/Counterclaim Defendant, | ) ) ) | Civil Action No. 1:06-346-GMS |
| v. | ) ) | |
| LINEAR TECHNOLOGY CORP., | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

Plaintiff-Counterclaim Defendant Analog requests that you appear for deposition upon oral examination at 9:00 a.m. on September 28, 2007, at the offices of Brown McCarroll, L.L.P., 111 Congress Avenue, Suite 1400, Austin, TX 78701, or at such other time and place as may be mutually agreed to by counsel for the parties. The examination will take place before a notary public or other person authorized by law to administer oaths and will be recorded by stenographic and/or sound-and-video means. Testimony shall continue from day to day until completed.

## ~~DEFINITIONS AND~~ INSTRUCTIONS

1.    Each of the terms "any" and "all," by itself, means any and all.

2.    The connectives "and" and "or" when used herein shall be construed either disjunctively or conjunctively as necessary to make the Request most inclusive.



1

3.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

4.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.     "Concern" or "concerning" means relating to, alluding to, referring to, constituting (in whole or in part), describing, discussing, evidencing, mentioning, reflecting, pertaining to, evidencing, involving, depicting, commenting on, embodying, responding to, supporting, contradicting, or regarding, as the context makes appropriate.

6.     The terms "document" and/or "thing" are synonymous in meaning and equal in scope to the usage of these terms in Rule 34(a) of the Federal Rules of Civil Procedure and shall be construed to mean, without limitation, any written, printed, typed, stored, photostated, photographed, recorded, or otherwise reproduced communication, compilation, or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a separate document within the meaning of this term. As used herein, "thing" also means any tangible item(s), other than a "document" as defined herein, which constitutes or contains matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

2

7.     The term "Dell," refers to Dell, Inc. and each of its present or former parent, subsidiary, affiliated or controlled companies or joint ventures, their respective directors, officers, employees, agents, attorneys, accountants and any other person who acted on or purported to act on their or any of their behalf.

8.     The term "Analog" means Plaintiff and Counterclaim-Defendant Analog Devices, Inc., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

9.     The terms "LTC," refers to Defendant and Counterclaim-Plaintiff Linear Technology Corp. and any predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

10.     The terms "person" or "persons" mean any natural person or any business, legal, or governmental entity or association, and the officers, directors, employees, agents, consultants, and attorneys thereof.

11.     The term "'194 patent" means United States Patent No. 6,144,194 and all continuations, divisionals, reissues, and patents in the same patent "family."

12.     The term "prior art" means all publications, patents, physical devices, prototypes, products, uses, sales, or offers for other activity concerning the subject matter of the '194 patent,

or any related United States or foreign patents, and existing on, or occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

13.    All legal entities referred to herein include any parent companies, predecessors-in-interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers

14.    If you believe that any of the following requests calls for an assertion of a claim of privilege, you are required to prepare a list of withheld documents ("privilege log") listing the following information for each document or part thereof on such a basis:

a) The title or general subject matter of each document;

b) The type of document (e.g., letter, memorandum, note, report);

c) The date of the document;

d) The name of the author of the document;

e) The person(s) for whom the document was prepared, to whom it was sent, or who received copies;

f) The nature and the basis for the claim of privilege; and

g) Sufficient additional information about the document as is necessary to justify the assertion of the privilege.

15.    If you are aware that a document or thing, or group of documents or things, once existed but has been destroyed or discarded, you are requested to state the type of document or thing or group of documents or things, the date it was created, when it was destroyed or discarded, and the identity of persons having knowledge of the contents of the document or thing, or group of documents and things.

4

16.    LTC and Analog have agreed that documents and information disclosed in this action will be subject to a Protective Order, attached hereto as Exhibit B.  Pursuant to this Protective Order, non-parties will be allowed to restrict access to confidential documents and information.

## DOCUMENT REQUESTS

1.      All documents or things relating to your work on the regulator design with multiple regulator stages, including without limitation documents relating to work you performed on this design as an employee of Dell during the Spring of 1996.

2.      All documents or things relating to your work on the discrete regulator design with multiple channels, including without limitation documents relating to work you performed on this design as an employee of Dell between Spring of 1996 and Spring of 1998.

3.      All documents or things concerning any communication between you (or Dell) and LTC regarding either the regulator design with multiple regulator stages or the discrete regulator design with multiple channels.

4.      All documents or things concerning any communication between you (or Dell) and Craig Varga regarding either the regulator design with multiple regulator stages or the discrete regulator design with multiple channels.

5.      All documents or things concerning any disclosure by you (or Dell) to LTC or Craig Varga of information regarding either the regulator design with multiple regulator stages or the discrete regulator design with multiple channels.

6.      All documents or things concerning any prior art to the '194 patent.

7.      All documents sufficient to describe the first public use, demonstration, or sale of either the regulator design with multiple regulator stages or the discrete regulator design with multiple channels.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANALOG DEVICES, INC.,      )
                            )
       *Plaintiff/Counterclaim*    )
       *Defendant,*              )
                            )
            v.                 )
                            )
LINEAR TECHNOLOGY CORP.,    )
                            )
       *Defendant/Counterclaim*    )
       *Plaintiff.*              )
                            )

C. A. No. 06-346 (GMS)

## STIPULATED PROTECTIVE ORDER

WHEREAS, each of the parties to the above-captioned action (the "Action") may seek discovery or documents, information or other materials which may contain or relate to confidential, proprietary, trade secrets, know-how or sensitive technical or financial information of another party or of a third party;

IT IS HEREBY ORDERED that the following Stipulated Protective Order be entered in this Action:

1.    **Definitions.** "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory and interrogatory answer, request for admission and/or production and response thereto, or other information provided in discovery in this Action ("Discovery Material"), which contains non-public, confidential or proprietary information, whether personal or business-related, trade secrets, know-how or sensitive technical information. Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Highly Confidential." The "Highly Confidential" designation shall be reserved for Confidential Information of the most sensitive nature, which the producing or designating party (the

RLF1-3069757-1


EXHIBIT
B

"Designating Party") in good faith believes to be unknown to the party receiving same (the "Receiving Party") and which, if disclosed to the Receiving Party, competitors or persons of expertise in the area, would reveal technical or business advantages of the Designating Party. Highly Confidential Information may include, for example and without limitation: sensitive technical information; information relating to products that have not been offered for sale; new inventions; source code; licenses; business, financial or commercial information; manufacturing costs; pending patent applications; customer lists; prospective business and marketing plans; and sales and marketing information. All such Confidential or Highly Confidential designations shall be made in good faith by the Designating Party and shall be made at the time of disclosure, production, or tender to the Receiving Party, or at such other time as permitted by this Stipulated Protective Order, *provided* that the inadvertent failure to so designate shall not constitute a waiver of such claim, and a party may so designate Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protections of this Stipulated Protective Order, and there shall be no liability for any interim disclosure in good faith. Designations of Confidential and Highly Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

2.    **Designating Confidential Information.** The designation of Discovery Material in the form of documents, discovery requests (*e.g.*, requests for admissions, document requests, interrogatories and responses to any of the same), or other tangible materials (including without limitation computer discs, CDs and tapes) other than depositions or other pretrial testimony as Confidential Information or Highly Confidential Information shall be made by the Designating Party in the following manner:

a.    Documents and discovery requests or responses designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL," "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or similar designation on each page containing any Confidential Information (or in the case of computer medium on its label and/or cover) to which the designation applies.  In the case of discovery requests or responses, this designation shall also be conspicuously affixed on the first page and on any page containing such information.  Documents so designated shall be identified by Bates number.  To the extent practical, the legend shall be placed near the Bates number on each page of every designated document.

b.    Documents and discovery requests or responses designated "Highly Confidential" shall be so marked by conspicuously affixing the legend "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or similar designation on each page containing any Highly Confidential Information (or in the case of computer medium on its label and/or cover) to which the designation applies.  In the case of discovery requests or responses, this designation shall also be conspicuously affixed on the first page.  Documents so designated shall be identified by Bates number.  To the extent practical, the legend shall be placed near the Bates number on each page of every designated document.

c.    If a document or discovery request or response has more than one designation, the more restrictive or higher confidential designation shall apply.

3.    **Exclusions.**  Confidential Information and Highly Confidential Information shall not include any Discovery Materials which:

3

a.     Have been or become lawfully in the possession of the Receiving Party through legitimate business dealings and which are not subject to a confidentiality or non-disclosure agreement or order;

b.     Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party; or

c.     Have been or are lawfully obtained by the Receiving Party from a person or entity lawfully possessing and having the right to disclose such Discovery Materials.

Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

4.     **Qualified Persons – Confidential Information.**  Subject to paragraph 6 of this Stipulated Protective Order, "Qualified Persons" permitted to have access to Discovery Material designated "Confidential Information" under this Stipulated Protective Order shall be limited to:

a.     Outside counsel of record for the parties, and their stenographic, clerical, paralegal and other employees whose duties and responsibilities require access to such materials;

b.     One (1) "in-house" attorney of a corporate party and their respective stenographic, clerical, and paralegal employees whose duties and responsibilities require access to such information.  The parties agree that the following individuals shall be qualified as in-house attorneys pursuant to this paragraph, upon such persons signing and providing an undertaking in the form of Exhibit A:  (i) John M. England, Corporate & Intellectual Property Counsel for Linear Technology Corp., and (ii) Margaret K. Seif, Vice President, General Counsel and Secretary for Analog Devices, Inc.  Copies of the

4

signed undertakings shall be retained by outside counsel for the respective corporate party. If an individual in-house attorney who has been designated pursuant to this paragraph terminates his or her employment or has his or her responsibilities reassigned, another in-house attorney may be substituted for the individual previously designated, *provided* that the party making the substitution shall provide written notice of intent to disclose identifying the in-house attorney (providing at least the person's name, and title and/or position). Such notice to be served by counsel for the corporate party on the Designating Party no less than ten (10) business days prior to any disclosure of Confidential Information to such person. If within ten (10) business days after receipt of the notice counsel for a Designating Party does not object to the disclosure, Confidential Information designated by that party may be disclosed to such person upon such person signing and providing to the Designating Party an undertaking in the form of Exhibit A. If within ten (10) business days of receipt of such a notice of intent to disclose, counsel for the Designating Party objects to such intended disclosure, no Confidential Information of the Designating Party shall be disclosed to the in-house attorney until such objection is resolved by agreement of the parties or by an order of the Court. Outside counsel for the Receiving Party shall retain a copy of each executed Confidentiality Undertaking and shall serve opposing counsel with a copy with the notice described in this paragraph.

   c. Retained independent consultants or experts for the parties (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation or

5

of any direct competitor of any party to this litigation, and who have complied with the provisions of Paragraph 6 of this Stipulated Protective Order;

   d.  The Court, court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

   e.  Outside document copying services, and/or document coding or computerization services, graphics consultants and jury consultants (hereinafter, "litigation support services"). Notwithstanding any other provision of this Stipulated Protective Order, access to Confidential and Highly Confidential Discovery Material shall be permitted to such vendors, without need for the execution of a Confidentiality Undertaking. The attorneys of record providing Confidential or Highly Confidential documents to litigation support services shall be responsible for that service's compliance with the provisions of this Stipulated Protective Order.

   5.  **Qualified Persons – Highly Confidential Information.** Subject to paragraph 6 of this Stipulated Protective Order, "Qualified Persons" permitted to have access to Discovery Material designated "Highly Confidential Information" shall be limited to persons defined by paragraphs 4(a), 4(c), 4(d) and 4(e), above. Persons employed by a party who are defined by paragraph 4(b), above, shall not be permitted access to any Highly Confidential Information of another party absent the prior express written permission of such other party.

   6.  **Procedure For Independent Experts.** A person retained by a Receiving Party to be a Qualified Person as defined in paragraph 4(c), above, shall be allowed access to Confidential Information or Highly Confidential Information of the Designating Party only after compliance with the following procedure:

6

a.    The Receiving Party desiring to disclose Confidential Information or Highly Confidential Information to such a person defined by paragraph 4(c) shall provide written notice to the Designating Party identifying the person's name, title, business address, current occupation (or job description), and past and current business relationship(s) with the party retaining them or other party to the litigation, and providing the person's current *curriculum vitae* and a list of previous consulting engagements for the past four (4) years.  Upon receipt of such information, the Designating Party shall have ten (10) business days within which to object to the disclosure of Confidential Information or Highly Confidential Information to such person.  If objection to disclosure is timely made, and the matter cannot thereafter be resolved by good faith negotiation, the Receiving Party desiring to disclose the Confidential Information or Highly Confidential Information may move the Court for an order allowing the disclosure at issue.   The objecting party shall have the burden of persuasion that disclosure should not be made.  If an objection is made, no Confidential Information or Highly Confidential Information shall be disclosed to the particular person until after the Court rules that disclosure can be made.

b.    Before receiving any Confidential Information or Highly Confidential Information, the person shall be furnished with a copy of this Stipulated Protective Order and shall acknowledge, by executing the Confidentiality Undertaking attached hereto as Exhibit B, that he or she has read this Stipulated Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Stipulated Protective Order.

7

    c.    Outside counsel for the Receiving Party shall retain a copy of each executed Confidentiality Undertaking and shall serve opposing counsel with a copy with the notice described in paragraph 6(a).

    7.    **Limitations On Use.**    Confidential Information and Highly Confidential Information, including without limitation notes, memoranda or other documents (written or electronic) relating thereto, shall be used by a Receiving Party solely for the purpose of this Action and any appeals therefrom, and shall not be made available, disclosed, or summarized to any person, including a party, other than as permitted by paragraphs 4-6 of this Stipulated Protective Order.  It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as Confidential or Highly Confidential produced by the opposing party *provided* that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with opposing counsel.  The attorneys of record for the parties and other persons receiving Confidential Information or Highly Confidential Information shall exercise best efforts to ensure that all such information is:  (i) used only for the purposes specified herein, and (ii) disclosed only to Qualified Persons.

    8.    **Duty Of Care.**  Any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody and use of such Confidential Information or Highly Confidential Information to ensure the confidential or highly confidential nature of the same is maintained.  Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

8

9.    **Unauthorized Disclosure.**  If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Stipulated Protective Order, the party responsible for such disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential or Highly Confidential Information and shall make every reasonable effort to retrieve such Confidential or Highly Confidential Information and to prevent further disclosure.

10.    **Restricting Access To Other Persons Present.**  If a party intends to discuss, quote, or refer to Confidential Information or Highly Confidential Information in a deposition or any other proceeding, such party shall ensure that only those persons permitted by paragraphs 4-6 of this Stipulated Protective Order to have access to such information are present.  Whenever information designated as Confidential or Highly Confidential is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may request to have excluded from the room any person who is not entitled under this Stipulated Protective Order to receive information designated as Confidential or Highly Confidential.

11.    **Preparing For And Use At Depositions.**  During the course of preparing for a deposition or testimony, a fact deponent or witness may only be shown Confidential Information or Highly Confidential Information from another party's documents if such person is otherwise entitled to access under this Stipulated Protective Order or if the documents suggest, on their face, that they were authored or received by the deponent or witness in the normal course of business and outside the context of this litigation.    Confidential Information or Highly Confidential Information may only be used at a deposition in compliance with this Stipulated Protective Order.

9

12.    **Designating Deposition Transcripts.**    Any deposition transcript containing Confidential Information or Highly Confidential Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as appropriate (*e.g.*, in a footer or header) on individual pages containing Confidential or Highly Confidential Information that information has been so designated.  A party may request at a deposition where Confidential Information or Highly Confidential Information is disclosed or expected to be disclosed that the court reporter separate those portions of the transcript containing Confidential Information or Highly Confidential Information, and separately bind such portions from non-confidential portions.  A party also may designate any portion or all (if appropriate) of the transcript as containing Confidential Information or Highly Confidential Information within thirty (30) days of receipt of the transcript.  Until thirty (30) days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Highly Confidential.  In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as "Highly Confidential" or "Confidential," whichever protection is being sought, until this Court rules on the issue.

13.    **Filing Under Seal With The Court.**    Any pleading, paper, or other document filed in this Action that contains or discloses Confidential Information or Highly Confidential Information shall be filed under seal and shall be maintained under seal according to the terms of this Stipulated Protective Order or as otherwise determined by the Court.  Any such filing shall be filed in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated January 2005, or as subsequently amended, which shall include, but is not limited to: (1) filing a

10

cover sheet through CM/ECF indicating that the document is being filed under seal; (2) filing an unredacted hard copy of the sealed document with the Clerk's office with a cover page identifying that the document contains confidential information and is being filed pursuant to the Stipulated Protective Order; and (3) filing a redacted copy of the sealed document through CM/ECF for public inspection within five (5) days of the date of said filing.

14.   **No Admission Or Waiver.**   Entering into, agreeing to and/or producing or receiving Confidential Information or Highly Confidential Information under or otherwise complying with the terms of this Stipulated Protective Order shall not:

a.    Operate as an admission by any party that any Discovery Material designated as Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b.    Prejudice in any way the rights of any party or third party to object to the production of documents or things it considers not subject to discovery, or operate as an admission by any such party that the restrictions and procedures set forth herein constitute adequate protection for any particular information that it deems to be Confidential Information or Highly Confidential Information;

c.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Stipulated Protective Order;

d.    Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information or Highly

11

Confidential Information should be subject to the terms of this Stipulated Protective Order;

e.    Prejudice in any way the rights of any party or third party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

f.    Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Stipulated Protective Order;

g.    Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential Information or Highly Confidential Information by that party; or

h.    Limit a party's use of its own Confidential or Highly Confidential Information.

15.    **Challenges.** Any party may at any time challenge or object to the designation of any Discovery Materials as Confidential or Highly Confidential. If the parties are unable to resolve the issue, the party seeking disclosure may move the Court to declassify the Confidential or Highly Confidential Information or otherwise for permission to make the disclosure on such terms or conditions as the Court may establish.

16.    **Burden Of Proof.** In the event of a dispute concerning the proper classification of information as Confidential or Highly Confidential, the party asserting confidentiality shall

12

have the burden of proving that the information at issue is entitled to the protection of this Stipulated Protective Order.

17.    **Obligation To Produce In Another Action.**  A party or any Qualified Person who has received Confidential or Highly Confidential Information shall not produce any such information to any non-party or any other person not otherwise qualified to receive such information under this Stipulated Protective Order absent receipt of a subpoena, discovery request, or court order or process in another action requiring such production.  Upon receipt of same, the party or person shall immediately notify outside counsel for the Designating Party of the receipt of such subpoena, discovery request, order or process so as to enable the Designating Party to object to such disclosure or otherwise to protect its interests in such other action.  The party or person receiving such subpoena, discovery request, order or process otherwise shall have no obligation to oppose or object to such subpoena, discovery request, order or process.

18.    **Inadvertent Production Of Information.**    The inadvertent production in discovery of any attorney-client privileged, work product or otherwise protected or exempt information shall not be deemed a waiver or impairment of any claim of privilege or immunity of such information, provided that the Designating Party shall immediately notify the Receiving Party in writing when inadvertent production is discovered.  Upon the Receiving Party's receipt of such written notice, the Receiving Party shall return to the Designating Party or destroy such inadvertently produced documents or information and shall not use such documents or information for any purpose.

19.    **Non-Party Discovery.** Non-parties who produce information in this Action may avail themselves of the provisions of this Stipulated Protective Order, and Discovery Material

13

produced by non-parties shall then be treated by the parties in conformance with this Stipulated Protective Order.

20.    **Conclusion Of Litigation.**  All provisions of this Stipulated Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties, and on all persons who have executed a Confidentiality Undertaking, after the conclusion of this Action, through all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of Discovery Materials designated Confidential or Highly Confidential shall, at the request of the Designating Party , be returned to the Designating Party, or at the option of the Receiving Party, destroyed within sixty (60) days after a final judgment herein or settlement of this Action, *provided*, however, that each law firm having entered an appearance for a party may maintain in its files one paper and one electronic archival copy of (a) hearing, trial, and deposition transcripts, (b) exhibits marked or admitted at trial or deposition, (c) correspondence, (d) served papers, and (e) papers filed with the Court.  Outside counsel for the party returning or destroying Confidential or Highly Confidential documents shall certify in writing to the Designating Party that all Confidential or Highly Confidential documents have been returned or destroyed, as the case may be.

21.    **Modifications.**  The parties may, by stipulation, provide for exceptions to this Stipulated Protective Order, and any party may seek an order of this Court modifying this Stipulated Protective Order upon good cause shown.

14

produced by non-parties shall then be treated by the parties in conformance with this Stipulated Protective Order.

20.    **Conclusion Of Litigation.**  All provisions of this Stipulated Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties, and on all persons who have executed a Confidentiality Undertaking, after the conclusion of this Action, through all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of Discovery Materials designated Confidential or Highly Confidential shall, at the request of the Designating Party , be returned to the Designating Party, or at the option of the Receiving Party, destroyed within sixty (60) days after a final judgment herein or settlement of this Action, *provided*, however, that each law firm having entered an appearance for a party may maintain in its files one paper and one electronic archival copy of (a) hearing, trial, and deposition transcripts, (b) exhibits marked or admitted at trial or deposition, (c) correspondence, (d) served papers, and (e) papers filed with the Court. Outside counsel for the party returning or destroying Confidential or Highly Confidential documents shall certify in writing to the Designating Party that all Confidential or Highly Confidential documents have been returned or destroyed, as the case may be.

21.    **Modifications.**  The parties may, by stipulation, provide for exceptions to this Stipulated Protective Order, and any party may seek an order of this Court modifying this Stipulated Protective Order upon good cause shown.

14

22. **Retention Of Jurisdiction.** The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulated Protective Order.

| | |
|---|---|
| *Kelly E. Farnan* | /s/ Karen Jacobs Louden |
| Frederick L. Cottrell, III (#2555) | Jack B. Blumenfeld (#1014) |
| cottrell@rlf.com | jblumenfeld@mnat.com |
| Kelly E. Farnan (#4395) | Karen Jacobs Louden (#2881) |
| farnan@rlf.com | klouden@mnat.com |
| Matthew W. King (#4566) | Morris, Nichols, Arsht & Tunnell, LLP |
| king@rlf.com | 1201 Market Street |
| Richards, Layton & Finger, P.A. | Wilmington, DE 19899 |
| One Rodney Square, P.O. Box 551 | (302) 658-9200 |
| Wilmington, DE 19899 | *Attorneys for Defendant/Counterclaim Plaintiff* |
| (302) 651-7700 | *Linear Technology Corp.* |
| *Attorneys for Plaintiff/Counterclaim Defendant* | |
| *Analog Devices, Inc.* | |

OF COUNSEL:                          OF COUNSEL:

Wayne L. Stoner                      Robert C. Morgan
Wayne M. Kennard                     Laurence S. Rogers
Donald R. Steinberg                  Ropes & Gray LLP
Benjamin M. Stern                    1251 Avenue of the Americas
Amy L. Nash                          New York, NY 10020
Wilmer Cutler Pickering Hale and Dorr LLP   (212) 596-9000
60 State Street
Boston, MA 02109                     Mark D. Rowland
(617) 526-6000                       Ropes & Gray LLP
                                     525 University Avenue, Suite 300
David L. Cavanaugh                   Palo Alto, CA 94301
Heath A. Brooks                      (650) 617-4000
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.       Dated: October 12, 2006
Washington, D.C. 20006
(202) 663-6000

Dated: October 12, 2006


**IT IS SO ORDERED** this ___ day of October, 2006.


_____
United States District Judge

15

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ANALOG DEVICES, INC., | ) ) ) | |
| *Plaintiff/Counterclaim Defendant,* | ) ) ) ) | C. A. No. 06-346 (GMS) |
| v. | ) ) | |
| LINEAR TECHNOLOGY CORP., | ) ) ) | |
| *Defendant/Counterclaim Plaintiff.* | ) ) ) | |

### CONFIDENTIALITY UNDERTAKING

I, _____, certify that I am employed by _____ in this action as an in-house attorney, having the title of _____. I have read the Stipulated Protective Order in the above-captioned case. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I understand in particular that I may not disclose any Confidential Information (as designated in accordance with this Stipulated Protective Order) to anyone not qualified to receive it under the Stipulated Protective Order, or use any such information outside the litigation, for example (but without limitation) in the course of preparing or prosecuting patent applications. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order.

EXECUTED this ____ day of October, 2006.

_____

RLF1-3069757-1

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANALOG DEVICES, INC., <br><br> *Plaintiff/Counterclaim* <br> *Defendant,* <br><br> v. <br><br> LINEAR TECHNOLOGY CORP., <br><br> *Defendant/Counterclaim* <br> *Plaintiff.* | )<br>)<br>)<br>)<br>)<br>)  C. A. No. 06-346 (GMS)<br>)<br>)<br>)<br>)<br>)<br>) |

### CONFIDENTIALITY UNDERTAKING

I, _____, certify that I have been retained by _____ as an expert consultant in the above-captioned case, and that I have read the Stipulated Protective Order in the case. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I understand in particular that I may not disclose any Confidential Information or Highly Confidential Information (as designated in accordance with this Stipulated Protective Order) to anyone not qualified to receive it under the Stipulated Protective Order, or use any such information outside the litigation, for example (but without limitation) in the course of preparing or prosecuting patent applications. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order.

EXECUTED this ____ day of October, 2006.


Affiliation: _____

Business Address: _____

_____

RLF1-3069757-1