# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

October 3, 2007

The Honorable Gregory M. Sleet                                    *VIA ELECTRONIC FILING*
United States District Court
   For the District of Delaware
844 North King Street
Wilmington, DE  19801

        Re:    *Analog Devices, Inc. v. Linear Technology Corporation*
             C.A. No. 06-346-GMS

Dear Chief Judge Sleet:

      I write on behalf of Linear Technology Corp. ("Linear") to respond to Analog's September 25, 2007 letter about the Federal Circuit's recent decision in *In re Petrus A.C.N. Nuijten*, No. 2006-1371, slip op. (Fed. Cir. Sept. 20, 2007). *Nuijten* addressed whether claims directed to a "signal" were patentable under 35 U.S.C.§ 101. In its analysis, the Federal Circuit considered whether the claims should be construed as covering only physical instances of signals, or more broadly, strings of abstract numbers. This claim construction issue arose because the claims at issue defined the signals sought to be patented by the nature of the data embedded in the signal. The Federal Circuit limited the scope of the claims to physical instances of signals, reasoning that a signal requires a physical carrier to convey information.

      The *Nuijten* analysis is not applicable here because Linear did not claim a signal as an invention. Rather, Linear claimed controllers and regulators that utilize and regulate signals. Furthermore, the parties are not disputing whether any signal recited in Linear's claims should be construed to cover abstract information. To the contrary, the parties agree that each signal claimed by Linear is a voltage or current, i.e., a physical signal. Thus, the question before the Court here is whether the term "signal," as used by Linear in its claims, requires actual conveyance of information, or simply a measurable physical quantity (a voltage or current) by which information can be conveyed. The statement in *Nuijten* that a "signal" implies signaling, the conveyance of information, does not answer the question before this Court.

      The claim at issue in *Nuijten* itself defined the signal as containing information - a watermark. That claim sought to cover the signal itself ("[A] signal with embedded supplemental data, the signal being encoded in accordance with a given encoding process . . ."). The court stated "[t]he only limitations in Claim 14 address the signal's informational content,"

The Honorable Gregory M. Sleet
October 3, 2007
Page 2

and "Nuijten and the PTO agree that the claims include physical but transitory forms of signal transmission such as . . . electrical signals through a wire . . . so long as those transmissions convey information encoded <u>in the manner disclosed and claimed</u> by Nuijten." *Id.* at 10-11 (emphasis added).

The claims at issue here are different. They do not define "signal" as containing or conveying information. As set forth more fully in Linear's claim construction briefs, Linear's claims use the term "signal" to refer to voltages or currents. In some claims, the signals function to trigger an action, and in others, to power a regulator and its load (*i.e.* "input signal" and "output signal"). It is clear that here Linear did not use the term "signal" to mean the conveyance of information and the Court should not construe it that way.

Respectfully,

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)

JBB/dlb
cc:   Clerk of the Court (Via Hand Delivery)
      Frederick Cottrell, Esquire (Via Electronic Mail and Hand Delivery)
      Wayne L. Stoner, Esquire (Via Electronic Mail and First Class Mail)
      Mark D. Rowland, Esquire (Via Electronic Mail and First Class Mail)